[No. B009988. Second Dist., Div. Two. Sept. 30, 1985.]

HAMMER COLLECTIONS CO., INC., Plaintiff, Cross-defendant and Respondent, v.
IRONSIDES COMPUTER CORPORATION, Defendant;
PARTHENON COMPUTERS, INC., Cross-complainant and Appellant.

**COUNSEL**

Gould, Merritt & Burke, David R. Hagen and Laurence D. Merritt for Cross-complainant and Appellant.

Morton Schein for Plaintiff, Cross-defendant and Respondent.

**OPINION**

**ROTH, P. J.**—In its summons and complaint incident to a suit brought on an assigned claim, respondent Hammer Collections Co., Inc. (Hammer) named as defendant "Ironsides Computer Corporation, also known as Parthenon Computers, Inc., a corporation, doing business as Ironsides Computers." After these documents were served on appellant Parthenon Computer, Inc. (Parthenon), Parthenon notified Hammer it did not intend to respond, owing to the fact it had been served "On behalf of Ironsides Computer Corporation"[1] but was not itself that corporation nor known by that name. Hammer thereafter obtained a default judgment and a writ of execution, which it levied upon Parthenon.

When Hammer agreed at Parthenon's request to have the default judgment set aside and to permit Parthenon to plead in the cause on condition of a deposit of money sufficient to secure any judgment Hammer might recover, Parthenon not only answered the complaint but cross-complained as well, charging Hammer with abuse of process.

---

[1] So that footnote 1 may appear in a legible configuration, it is reproduced on the following page.

MORTON SCHEIN
11423 E. 187th Street #206
Cerritos, Calif. 90701

TELEPHONE NO
— (213) 402-3430

FOR COURT USE ONLY

Served 11/3/198

PA 100.0

RECEIVED

NOV 3 - 19.

GOULD & MERRITT

Insert name and address of each court and Post Office and Street Address
MUNICIPAL COURT OF LOS CERRITOS JUDICIAL DISTRICT
10025 East Flower Street
Bellflower, California 90706

PLAINTIFF

HAMMER COLLECTIONS CO. INC., a corporation

DEFENDANT

IRONSIDES COMPUTER CORPORATION, also known as PARTHENON COMPUTERS, INC, a corporation, doing business as IRONSIDES COMPUTERS.

Does ONE through TEN inclusive

## SUMMONS

CASE NUMBER C003179

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be filed on time.

¡AVISO! Usted ha sido demandado. El tribunal puede decidir contra Ud. sin audiencia a menos que Ud. responda dentro de 30 dias. Lea la informacion que sigue.

Si Usted desea solicitar el consejo de un abogado en este asunto, deberia hacerlo inmediatamente, de esta manera, su respuesta escrita, si hay alguna, puede ser registrada a tiempo.

1 TO THE DEFENDANT A civil complaint has been filed by the plaintiff against you. If you wish to defend this lawsuit, you must, within 30 days after this summons is served on you, file with this court a written response to the complaint. Unless you do so, your default will be entered on application of the plaintiff, and this court may enter a judgment against you for the relief demanded in the complaint, which could result in garnishment of wages, taking of money or property or other relief requested in the complaint.

DATED: 9/30/83 J A GOMEZ .... Clerk, By J. Bowling .... Deputy

(SEAL)

2. NOTICE TO THE PERSON SERVED. You are served
a. ☐ As an individual defendant.
b. ☐ As the person sued under the fictitious name of. . . . . . . .
c. ☒ On behalf of: IRONSIDES Computer Corporation

Under: ☒ CCP 416.10 (Corporation)   ☐ CCP 416.60 (Minor)
☐ CCP 416 20 (Defunct Corporation)   ☐ CCP 416.70 (Incompetent)
☐ CCP 416.40 (Association or Partnership)   ☐ CCP 416.90 (Individual)
☐ Other:
d. ☐ By personal delivery on (Date): . . . . . . . . . . . . . . . . .

A written response must be in the form prescribed by the California Rules of Court. It must be filed in this court with the proper filing fee and proof of service if served. A copy on each plaintiff & attorney and an each plaintiff not represented by an attorney. The time when a summons is deemed served varies depending on the method of service. For example, see CCP 413 10 through 415 50. The word "complaint" includes cross-complaint, "plaintiff" includes cross-complainant, "defendant" includes cross-defendant, the singular includes the plural.

Form Adopted by Rule 982
Judicial Council of California

(See reverse for Proof of Service)

## SUMMONS

CCP 412 20, 412 30, 415 10

6

902

■ There is no question that Parthenon was in all respects save one properly served in the action and was fully apprised of the fact and the nature of the pending litigation herein. What is maintained is that, even so, it was not lawfully made a party to the proceedings, such that Hammer, knowing that it had not been, abusively took its default and levied upon its assets, because Parthenon is not, and is not known as, Ironsides Computer *Corporation.* It is conceded at the same time that Parthenon *does business as "Ironsides Computers."*[2]

In other words, what we are asked to find is that, because there is no entity precisely denominated Ironsides Computer Corporation, the service of summons and complaint upon Parthenon Computers (see fn. 2) was invalid so as to permit the cross-complaint for abuse of process. That request, however, must be denied.

"[W]e set out the legal principles pertaining to the construction of the procedural rules set forth in the Code of Civil Procedure. To start with, we refer to section 4, which underscores that the provisions of the code and all proceedings under it 'are to be liberally construed, with a view to effect its objects and to promote justice.' This century-long view (see *Plummer* v. *Brown* (1884) 64 Cal. 429 [1 P. 703]; *Clark* v. *Palmer* (1891) 90 Cal. 504 [27 P. 375]; *Burns* v. *Superior Court* (1903) 140 Cal. 1 [73 P. 597]; *Hancock Oil Co.* v. *Hopkins* (1944) 24 Cal.2d 497 [150 P.2d 463]; *McClearen* v. *Superior Court* (1955) 45 Cal.2d 852 [291 P.2d 449]) has been recently reaffirmed in *Pasadena Medi-Center Associates* v. *Superior Court* (1973) 9 Cal.3d 773, 778 [108 Cal.Rptr. 828, 511 P.2d 1180], wherein interpreting section 416.10, providing for service on a corporation our Supreme Court stated as follows: 'Although some decisions under pre-1969 statutes required strict and exact compliance with the statutory requirements (see 2 Witkin, Cal. Procedure (2d ed. 1970) pp. 1390, 1413-1415), the provisions of the new law, according to its draftsmen, "are to be liberally construed. . . . As stated in the Nov. 25, 1968, Report of the Judicial Council's Special Committee on Jurisdiction, pp. 14-15: '*The provisions of this chapter should be liberally construed to* effectuate service and *uphold the jurisdiction of the court if actual notice has been received by the defendant, and in the last analysis the question of service should be resolved by considering each situation from a practical* standpoint. . . .' The liberal construction rule, it is anticipated, will eliminate unnecessary, time-consuming, and costly disputes over legal technicalities, without prejudicing the right of defendants *to proper notice of court proceedings.*" (Li, Attorney's Guide to Cal.

[2]So, in its answer to the complaint Parthenon declared "COMES Now Parthenon Computers Inc., (hereinafter 'Parthenon') dba Ironside [*sic*] Computers, . . ."

Jurisdiction and Process (Cont.Ed.Bar (1970) pp. 57-58.)' (Italics added.)"
(*Cory* v. *Crocker National Bank* (1981) 123 Cal.App.3d 665, 669-670 [177
Cal.Rptr. 150]; cf. *MJS Enterprises, Inc.* v. *Superior Court* (1984) 153
Cal.App.3d 555 [200 Cal.Rptr. 286]. See also *Billings* v. *Edwards* (1979)
91 Cal.App.3d 826, 830-831 [154 Cal.Rptr. 453].)

Such was, or should have been, the case here.

The order appealed from is affirmed.

Compton, J., and Gates, J., concurred.