[No. E011158. Fourth Dist., Div. Two. May 5, 1994.]

JIM DILL, Plaintiff and Appellant, v.
BERQUIST CONSTRUCTION COMPANY, INC., et al., Defendants and
Respondents.

## COUNSEL

Berman, Katz & Weiss, Stephan H. Krumm and Martin M. Berman for Plaintiff and Appellant.

Stanfield & Warner and John S. Lowenthal for Defendants and Respondents.

## OPINION

**McKINSTER, J.**—A plaintiff appeals from an order dismissing his action against two defendants. We affirm.

PROCEDURAL BACKGROUND

In March of 1987, plaintiff Jim Dill filed a complaint seeking the recovery of damages for personal injuries for which the defendants were allegedly liable under theories of negligence and strict liability. Among the defendants named were Berquist Construction Company and Strata America (hereinafter, Berquist and Strata, respectively, and collectively defendants).

On June 7, 1988, Dill mailed a copy of the summons, complaint, and statement of damages (Code Civ. Proc., § 425.11[1]), return receipt requested, addressed to "Berquist Construction Co." at an address in Oregon. Also enclosed was a cover letter stating that the defendant was being served pursuant to section 415.40.[2] The postal receipt returned to Dill bears the signature of a Kelly Nofziger on the line labelled "Signature—Addressee." On the same date, Dill mailed copies of the same documents by the same means, addressed to "Strata America" at an address in Utah. That receipt was returned bearing the signature of an L. Warner on the line labelled "Signature—Agent."

No responsive pleadings were filed by either defendant. In March of 1989, Dill served a request for the entry of the default of both defendants (§ 585), by mailing copies of the request to the defendants at the same addresses to which the summons had previously been mailed.

Later that same month, Dill's counsel received a letter from a Mr. Tierney, an attorney who at that time was counsel for one of the other defendants who had appeared in the action. The letter confirms a previous telephone conversation with Dill's counsel, in which Tierney opined that Dill had not validly served Strata because Dill had failed to comply with section 416.10, subdivision (b).[3]

Dill filed the original summons, the proofs of service of the summons on the defendants, and the request for entry of their defaults, and in May of 1989, the clerk entered the defaults of the defendants. Nearly two years later, at a prove-up hearing on April 11, 1991, a default judgment was entered against both defendants in the sum of $200,000.

---

[1] Unless specified otherwise, all section references are to the Code of Civil Procedure.

[2] Section 415.40 provides in relevant part: "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt."

[3] Section 416.10 provides in relevant part: "A summons may be served on a corporation by delivering a copy of the summons and of the complaint: [¶] . . . [¶] (b) To the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process; . . ."

On October 22, 1991, Strata appeared specially and moved to dismiss the action against it pursuant to section 583.210,[4] on the ground that the attempted service by mail was invalid, that no valid service had been accomplished, and that over three years had elapsed since the action was commenced. Strata argued that the service was invalid because, inter alia, it was a corporation, and Dill had failed to deliver the summons to any of the individuals listed in section 416.10, which specifies the individuals who may be served on behalf of a corporation. In a motion filed in December of 1991, Berquist specially appeared and moved to dismiss on the same ground.[5]

The trial court granted the motions, concluding that the attempted service of the defendants pursuant to section 415.40 was invalid because the summons had not been mailed to one of the individuals specified in section 416.10. A formal order dismissing the action as to the two defendants was subsequently entered, from which Dill appeals.

## CONTENTIONS

Only a valid service complies with the requirement of section 583.210 that the summons and complaint be served within three years. (*Mannesmann DeMag, Ltd.* v. *Superior Court* (1985) 172 Cal.App.3d 1118, 1125 [218 Cal.Rptr. 632].) Accordingly, while a motion to quash is the procedure usually employed to challenge the validity of service, the same issue is raised by a motion to dismiss under section 583.210. (172 Cal.App.3d pp. 1124-1125.) Thus, the motion to dismiss was properly granted if the service on the defendants was invalid.

In contending that the trial court erred in concluding that he had not effected valid service upon the defendants, Dill raises two basic arguments. First, he contends that when serving an out-of-state corporation pursuant to section 415.40, a plaintiff does not need to comply with section 416.10. Alternatively, he argues that he did comply with section 416.10.

Although not raised by Dill, we also resolve a third issue suggested by the defendants' motions, in order to avoid unnecessary further motions or actions in the trial court.

---

[4]"The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision an action is commenced at the time the complaint is filed." (§ 583.210, subd. (a).) If service is not made within that time period, the action must be dismissed. (§ 583.250.)

[5]The defendants' motions established that their correct names are Stratamerica Corporation and Bergquist Construction Company, Inc. For convenience, we will continue to refer to them by the spellings used in the complaint.

DISCUSSION

A. *A Plaintiff Serving an Out-of-state Corporation Pursuant to Section 415.40 Must Also Comply With Section 416.10.*

■ Section 415.40 allows the service of a person outside the state by mailing the summons "to the person to be served" by first-class mail, return receipt requested. (See fn. 2, *ante.*) Section 416.10 provides that a corporation is served by delivering a copy of the summons and complaint to a corporate officer, a general manager, "or a person authorized by the corporation to receive service of process . . . ." (*Id.*, subd. (b).)

Here, Dill mailed the summons directly to the corporate defendant, rather than to any of the statutorily described persons to be served. To justify that procedure, he argues that section 416.10 applies only to in-state service of corporations, relying on that portion of section 415.40 which states that service on a person outside the state may be accomplished "in any manner provided by this article *or*" by the mailing described in section 415.40. He apparently reasons that section 416.10 is a "manner provided" which he is free to ignore if he serves by mail in the manner permitted by section 415.40.

That reasoning is fallacious, for two reasons. First, it overlooks the effect of the limiting language, "by this article . . . ." The article which includes section 415.40, and thus to which that section refers as "this article," is article 3 of chapter 4 of title 5 of part 2 of the Code of Civil Procedure. That article deals with the manner in which a summons may be served. By contrast, section 416.10 is part of article 4 of that chapter, which prescribes the persons to whom a summons may be delivered in order to effect service on a particular type of defendant. Thus, section 415.40 allows a plaintiff serving a person outside the state to choose among the alternative means of service permitted by the sections comprised by article *3* (§§ 415.10-415.50). However, section 415.40 does not permit that plaintiff to ignore the statutory requirements in article *4* regarding the individual to whom the summons must be delivered. In particular, it does not authorize Dill to ignore section 416.10, subdivision (b).

This is clear not only from the unambiguous language of the statutes, but also from the legislative history of the act by which these sections were created: Statutes 1969, chapter 1610, section 3, pages 3363-3371. Chapter 1610 resulted from the passage of Senate Bill No. 503, 1969 Regular Session, which in turn was based upon a recommendation of the Judicial Council in its·1969 report to the Legislature. (Legis. Counsel's Dig., ch. 1610, 2 Stats. 1969 (Reg. Sess.) Summary Dig., p. 241; Judicial Council of

Cal., Ann. Rep. to Governor & Legis. (1969) pp. 27-96 [Judicial Council Report]; *Pasadena Medi-Center Associates* v. *Superior Court* (1973) 9 Cal.3d 773, 778 [108 Cal.Rptr. 828, 511 P.2d 1180]; *Annual Report of State Bar Committee on Administration of Justice* (1969) 44 State Bar J. 681, 682.)

The Judicial Council Report includes explanatory comments concerning each section of the proposed statute. (Judicial Council Rep., *supra*, pp. 33-65.) Since the act recommended by the Judicial Council was adopted by the Legislature (*Pasadena Medi-Center Associates* v. *Superior Court, supra*, 9 Cal.3d p. 778), and since the Judicial Council's explanatory comments were before the Legislature when it did so, those comments are highly persuasive evidence of the Legislature's intent regarding the proper interpretation of these statutes.[6] (*Ault* v. *Dinner for Two, Inc.* (1972) 27 Cal.App.3d 145, 149, fn. 2 [103 Cal.Rptr. 572].)

Those comments clearly establish that a plaintiff serving a corporation at an address outside of California must comply with section 416.10. "Service on a corporation . . . can only be accomplished by serving some individual as its representative. Section 416.10 enumerates the individuals who are authorized to receive service on behalf of an ongoing corporation . . . ." (Judicial Council Rep., *supra*, com. to § 416.10, p. 50.) "Service is effected by delivering a copy of the summons and a copy of the complaint to one of these persons by a method of service specified in" the code. (*Id.*, p. 51.) The comment to section 415.40 is consistent: "The person or persons to be served under [section 415.40] are enumerated in Sections 416.10 through 416.90." (Judicial Council Rep., p. 47.)

Second, Dill's argument fails because it ignores the distinction between a "party" and a "person to be served" on behalf of that party, which is central to the statutory scheme governing service of process. "The words 'person to be served' are words of precision, used throughout the act, intended to refer to the 'individual' to be served, and not to the 'party.' For example, reference is to the vice president of defendant corporation who is being served on behalf of the corporate defendant, and not to the corporate defendant." (*Annual Report of State Bar Committee on Administration of Justice, supra*, 44 State Bar J. at p. 682, fn. 4.) Since a corporate defendant

---

[6]Indeed, according to a contemporary account by the State Bar's Committee on Administration of Justice, which assisted the Judicial Council in formulating its recommendation, the Judicial Council "Report was adopted by the Legislature as a statement of legislative intent." (*Annual Report of State Bar Committee on Administration of Justice, supra*, 44 State Bar J. at p. 682, fn. omitted; accord, 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 6, p. 372 ["Both the Comments and the Appendix were declared by the Senate Judiciary Committee to reflect its intent in approving the measure."].)

can only be served through service on some individual person, the person to be served is always different from the corporation.[7]

Accordingly, in order to serve a corporate defendant by mail at an address outside the state pursuant to section 415.40, a plaintiff must mail the summons to a person to be served on behalf of the corporation, i.e., to one of the individuals specified in section 416.10. The two sections are not alternatives to each other.

B. *Dill Did Not Comply With Section 415.40 and Thus Did Not Effect Valid Service of Process, Because He Did Not Mail the Summons and the Complaint to One of the Individuals Specified in Section 416.10.*

In contending that he should be held to have complied with sections 415.40 and 416.10, Dill initially argues that the evidence shows that he substantially complied. Alternatively, he contends that, even if there is insufficient evidence to either prove or disprove the facts upon which the validity of the service depends, that omission defeats the defendants' motions to dismiss, because either (a) the defendants had the burden of proving a lack of compliance, or (b) a presumption of valid service arose which the defendants failed to rebut. He is mistaken as to each contention.

1. *The Record Does Not Demonstrate That Dill Complied With Either Section 415.40 or 416.10.*

 Section 415.40 expressly requires that the summons be mailed to a "person to be served . . . ." Here, it is undisputed that Dill did not mail the summons to any individual at all, but rather to the corporate defendants themselves. Therefore, he did not strictly comply with that section.[8] Since section 416.10 lists the individuals to which he should have addressed the envelopes containing the summons, it is equally obvious that he did not strictly comply with that section either.

However, strict compliance is not required. In deciding whether service was valid, the statutory provisions regarding service of process " ' "should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant

---

[7]The distinction holds true even for individual defendants, but usually does not require delivery of the summons to a separate person. For instance, if the defendant is a competent adult, he or she may be served directly, and thus the party and the person to be served are one and the same. (§ 416.90.) However, if the defendant is a child or incompetent adult, the person to be served is the defendant's parent or guardian. (§§ 416.60, 416.70.)

[8]The dissent comes to the opposite conclusion only by ignoring the express statutory language and by improperly equating the corporate defendants with the persons to be served. (Dis. opn., *post*, page 1448.)

. . . ." ' " (*Pasadena Medi-Center Associates* v. *Superior Court, supra*, 9 Cal.3d at p. 778.) Thus, substantial compliance is sufficient.

For instance, when the defendant is an individual, that individual is the person to be served, and evidence that the mailed summons actually reached that individual is sufficient to establish valid service, even though the summons had been signed for by someone who did not have authority to do so. (*In re Marriage of Tusinger* (1985) 170 Cal.App.3d 80, 82 [215 Cal.Rptr. 838].) As discussed above, when the defendant is a corporation, the "person to be served" is one of the individuals specified in section 416.10. Therefore, Dill could be held to have substantially complied with the statute if, despite his failure to address the mail to one of the persons to be served on behalf of the defendants, the summons was actually received by one of the persons to be served.

■ Dill argues that that is exactly what happened here, at least as to Strata. Noting (1) that L. Warner signed the postal receipt as an "Agent," and (2) that section 416.10 permits delivery of the summons to a "person designated as agent for service of process" (*id.*, subd. (a)) or to "a person authorized by the corporation to receive service of process" (*id.*, subd. (b)), he concludes (3) that the summons was received by such an agent.[9] He is mistaken.

The only suggestion in the record that Warner is Strata's agent is his or her signature on the postal receipt. ■ An extrajudicial statement of a person that he or she is the agent of another is not admissible to prove the fact of agency unless the statement is either made in the presence of or communicated to the principal and the principal acquiesces in that statement. (*Union Const. Co.* v. *Western Union Tel. Co.* (1912) 163 Cal. 298, 305 [125 P. 242]; *LeMire* v. *Queirolo* (1967) 250 Cal.App.2d 799, 805 [58 Cal.Rptr. 804]; and see generally, 2 Witkin, Summary of Cal. Law (9th ed. 1987) Agency & Employment, § 38, p. 51.)[10] ■ Since Warner's implied statement that he or she is an agent of Strata is not competent evidence of that fact, there is no evidence of the supposed agency.

---

[9]The dissent makes a comparable argument as to both defendants. (Dis. opn., *post*, pp. 1450-1452.)

[10]If there is other, prima facie evidence of the agency, then the statements are admissible. (*Union Const. Co.* v. *Western Union Tel. Co., supra*, 163 Cal. p. 305; *Logan* v. *Andrews* (1938) 25 Cal.App.2d 683, 689 [78 P.2d 748].) For instance, it has been held that when evidence was introduced to establish that (1) a defendant maintained a business office in a particular city, (2) the office was served by a telephone, (3) a person called the number shown in the telephone directory for the defendant, and (4) the person answering the telephone stated that the number reached was the office of the defendant, "there was . . . *prima facie* proof that the person answering was agent of the defendant at its said office, employed there by it to receive for it such communications as should come in that manner." (*Union Const. Co., supra*, pp. 306-307.)

At first glance, the same reasoning would appear to apply here, where Warner signed for a piece of mail instead of answering a telephone. However, there was no showing that Strata

Moreover, even assuming that Warner is an agent of Strata, there is no evidence that Warner is authorized to accept service of process, as required by section 416.10. ■ Agents are not fungible. A person who is authorized to perform one function on behalf of a principal may have no authority at all regarding a different function. In particular, the fact that a person is authorized to receive mail on behalf of a corporation and to sign receipts acknowledging the delivery of that mail does not mean that the same person is authorized by the corporation to accept service of process.[11]

■ Similarly, Dill contends that service on Strata was effective because there is evidence that counsel for Strata acknowledged the corporation's receipt of the summons. However, the evidence cited by Dill does not contain any express acknowledgement of receipt. More importantly, even if the attorney had expressly admitted receipt by someone, the mere fact that

---

maintained an office at the address to which the summons was mailed, and thus the prima facie showing is absent.

[11]The dissent argues that while there is no evidence of actual authority to accept service of process, Warner has ostensible authority. "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." (Civ. Code, § 2317.) The dissent reasons that "when a corporation allows a person to sign acknowledgements of receipt of mail, it gives that person ostensible authority to do so." (Dis. opn., *post*, p. 1451.)

There are two problems with that analysis. First, as noted above, section 416.10 requires service on a person who is authorized to receive service of process; someone who is merely authorized to sign for mail is not among those specified.

Second, there is no evidence that Strata either caused or allowed the events upon which Dill relied in treating Warner as having the authority to accept service of process. "Ostensible authority is not established by the statements and representations of the agent. It is created only by the acts or declarations of the principal." (*People* v. *Surety Ins. Co.* (1982) 136 Cal.App.3d 556, 562 [186 Cal.Rptr. 385].) While the principal had acted in the cases which the dissent cites—*Pasadena Medi-Center Associates* v. *Superior Court, supra,* 9 Cal.3d at page 777 (corporation mistakenly listed the ostensible agent as a corporate officer on an application filed with the Secretary of State by the corporation for a permit to issue stock), and *Warner Bros. Records, Inc.* v. *Golden West Music Sales* (1974) 36 Cal.App.3d 1012 [112 Cal.Rptr. 71] (defendants bestowed actual authority on their attorney to handle the business transactions which were the subject of the lawsuit; remanded for evidentiary hearing as to whether attorney was ostensibly authorized to accept service of process)—here there is no evidence of any conduct by Strata regarding Warner. In particular, there is no evidence that Strata knew that Warner was signing postal receipts, and thus no evidence that it was "allowing" him or her to do so.

Nevertheless, the dissent worries that unless we deem receipt signers such as Warner to have the ostensible authority to accept service of process, it will be "difficult, if not impossible, to effectively serve foreign corporations by mail." (Dis. opn., *post*, p. 1450.) We disagree. Had Dill addressed the envelope containing the summons to one of the persons to be served, the service by mail would have been effective. If the names of those officers are unknown to a plaintiff, we see no problem in addressing them solely by their titles. It was Dill's failure to do either that resulted in the invalidity of his attempted service.

some employee of the corporation received the summons does not necessarily establish substantial compliance. Rather, there must be evidence "establishing actual delivery to the person to be served . . . ." (§ 417.20, subd. (a).)

In summary, because the summons were addressed solely to the corporations rather than to a person to be served, Dill did not strictly comply with sections 415.40 and 416.10. Furthermore, because there is no evidence that either Warner or Nofziger is one of the individuals specified in section 416.10 as one of the persons to be served on behalf of a corporate defendant, the record does not establish that Dill substantially complied with those sections.[12]

### 2. *Dill Had the Burden of Proving That He Complied With the Statutory Requirements.*

When the defendants moved to dismiss the action, they did not present any evidence that the persons who signed the postal receipts were not proper persons to be served, i.e., were not either corporate officers or agents authorized to accept service on behalf of the corporation. Similarly, Dill offered no evidence of the authority of either Nofziger or Warner. Obviously, whichever party had the burden of proof on that issue failed to meet its burden. Which party has the burden of proving the facts on which the validity of the service depends?

In the absence of a voluntary submission to the authority of the court, compliance with the statutes governing service of process is essential to establish that court's personal jurisdiction over a defendant.[13] (§ 410.50.) When a defendant challenges that jurisdiction by bringing a motion to quash,

---

[12]The dissent's charge that we are failing to apply the substantial compliance rule (dis. opn., *post*, p. 1453, fn. 10) is incorrect. "Substantial compliance . . . means actual compliance in respect to the substance essential to every reasonable objective of the statute." (*Stasher* v. *Harger-Haldeman* (1962) 58 Cal.2d 23, 29 [22 Cal.Rptr. 657, 372 P.2d 649], italics omitted.) One of the objectives of section 415.40 is to give actual notice to the person to be served. (See § 417.20, subd. (a), requiring that fact to be established in order to prove that service had been made.) Such notice is particularly essential with respect to a corporate defendant, which can only be served through an individual person. Since Dill utterly failed to direct the summons toward any such individual, he cannot be held to have substantially complied with the statutory scheme. While partial compliance may sometimes be determined to be substantial and therefore sufficient, liberal construction cannot cure a plaintiff's complete failure to comply with statutory requirements when attempting to serve a defendant. (*MJS Enterprises, Inc.* v. *Superior Court* (1984) 153 Cal.App.3d 555, 558 [200 Cal.Rptr. 286].) Thus, rather than failing to apply the substantial compliance rule, we are simply recognizing that it cannot cure every departure from the procedures prescribed by statute.

[13]The other two elements are minimum contacts with the state which provide a basis for the exercise of jurisdiction, and sufficient notice and an opportunity to be heard. (Judicial Council

the burden is on the plaintiff to prove the existence of jurisdiction by proving, inter alia, the facts requisite to an effective service. (*Taylor-Rush* v. *Multitech Corp.* (1990) 217 Cal.App.3d 103, 110 [265 Cal.Rptr. 672]; *Sheard* v. *Superior Court* (1974) 40 Cal.App.3d 207, 211 [114 Cal.Rptr. 743]; *Coulston* v. *Cooper* (1966) 245 Cal.App.2d 866, 868 [54 Cal.Rptr. 302].)

■ While the defendants' motions were in the form of ones to dismiss for failure to obtain personal jurisdiction rather than motions to quash service, the motions have similar objectives, raise the same issues, and can serve the same purpose. (*Mannesmann DeMag, Ltd.* v. *Superior Court, supra,* 172 Cal.App.3d at pp. 1124-1125; 2 Witkin, Cal. Procedure, *supra,* Jurisdiction, § 168, p. 553.) The same burden, therefore, rested on Dill when the defendants moved to dismiss. It was his obligation, not the defendants', to show that the persons who signed the postal receipts fell within the categories of individuals enumerated by section 416.10.

Dill attempts to avoid that burden of proof by reasoning (1) that the defendants' motions were in the nature of motions for relief from default under section 473, (2) that in motions for relief from default, the burden is on the moving party to show good cause for relief, (3) that therefore the burden was on the defendants to show that Dill had failed to comply with section 416.10, and thus that he had not effected service in a manner authorized by statute, (4) that the defendants failed to sustain that burden because they introduced no evidence that L. Warner or Kelly Nofziger were not authorized to accept service, and (5) therefore their motions should have been denied for their failure to show good cause for relief from default.

This analysis fails. As discussed in part C., *post,* the defendants' motions implicitly included a request for relief from the default judgments entered against them. ■ It is also true that to support a motion for relief "from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect" (§ 473, 3d par.), the moving party must show good cause for that relief by proving the existence of "a satisfactory excuse for the occurrence of that mistake." (*Billings* v. *Health Plan of America* (1990) 225 Cal.App.3d 250, 255 [275 Cal.Rptr. 80].)

Rep., *supra,* com. to § 410.50, p. 34.) All three elements are required. "Although a proper basis for personal jurisdiction exists and notice is given in a manner which satisfies the constitutional requirements of due process, service of summons is not effective and the court does not acquire jurisdiction of the party unless the statutory requirements for service of summons are met." (*Schering Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 737, 741 [125 Cal.Rptr. 337].) Accordingly, the dissent's apparent contention that personal jurisdiction can be established without valid service of process (dis. opn., *post,* p. 1449, fn. 6) is incorrect, as shown by the very authority upon which it relies. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial 1 (The Rutter Group 1993) § 3:130, p. 3-24.)

■ However, because the defendants' motions were brought over six months after the judgments were entered, any relief based upon a mistaken failure to respond to the summons was no longer available. (§ 473, 3d par.) Moreover, rather than allege any mistake, the defendants argued that the judgment is void because of Dill's failure to establish personal jurisdiction over them. Accordingly, their motions were based on the sixth paragraph of section 473: "The court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order." (See *People* v. *A.T.L., Inc.* (1957) 150 Cal.App.2d 152, 153 [309 P.2d 552].)

■ Once six months have elapsed since the entry of a judgment, a trial court may grant a motion to set aside that judgment as void only if the judgment is void on its face. (*Morgan* v. *Clapp* (1929) 207 Cal. 221, 224 [277 P. 490].) "A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll." (*Ibid.*) In a case in which the defendant does not answer the complaint, the judgment roll includes the proof of service. (§ 670, subd. (a).) Thus, in a motion under the sixth paragraph of section 473, the moving defendant need make no evidentiary showing whatsoever, so long as the jurisdictional defect is shown by the proof of service.

■ Here, the proofs of service demonstrate that the copies of the summons were addressed solely to the corporations, rather than to any of the requisite persons to be served. Therefore, the defendants were not required to present any evidence in order to establish the invalidity of the service and the resulting lack of personal jurisdiction.[14]

In summary, since the basis of the defendants' motions is that Dill had failed to effect valid service, the evidentiary burden rested on Dill to establish that the defendants had been validly served. Dill failed to meet that burden.

3. *No Presumption Arose Which Shifted the Burden of Proof to the Defendants.*

■ Both Dill and the dissent argue that when Dill filed his proof of service, a presumption of proper service arose, which the defendants failed to rebut. They are incorrect.

It has been held that the filing of a proof of service creates a rebuttable presumption that the service was proper. (*M. Lowenstein & Sons, Inc.* v. *Superior Court* (1978) 80 Cal.App.3d 762, 770 [145 Cal.Rptr. 814], quoting

---

[14]By insisting that the defendants' motions should have been denied because they failed to present any evidence, the dissent misallocates the burden of proof away from the plaintiff. (Dis. opn., *post*, pp. 1445-1447.)

from Judicial Council Rep., *supra*, com. to § 417.10, p. 56; but see *Johnson & Johnson* v. *Superior Court* (1985) 38 Cal.3d 243, 255, fn. 7 [211 Cal.Rptr. 517, 695 P.2d 1058], overruling *Lowenstein* on a related issue.) However, that presumption arises only if the proof of service complies with the statutory requirements regarding such proofs. Section 417.20 requires that ". . . if service is made by mail pursuant to Section 415.40, proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served . . . ." (§ 417.20, subd. (a).) To do so, it must show that the summons was mailed to a person or persons who may be served, and "the name, title or representative capacity, if any, . . . of such person or persons . . . ." (Judicial Council Rep., *supra*, com. to § 417.20, p. 59.)

Here, the proofs of service show that the mail sent by Dill was addressed solely to the corporations, not to any of the permissible persons to be served enumerated by section 416.10. Therefore, the proofs of service failed to comply with the minimum statutory requirements, and no presumption of proper service ever arose.[15]

Dill also relies upon the rule that "[a] letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail." (Evid. Code, § 641.) That reliance is misplaced, because the record here does not establish that the envelopes were correctly addressed. (For instance, there is no evidence that Strata actually maintained an office at the address used by Dill.) To the contrary, even if both corporations had maintained offices at the addresses used by Dill, the record establishes that the envelopes were not correctly addressed, because it is undisputed that they were addressed solely to the corporations rather than to the individuals specified by statute. Therefore, even if they were to be presumed to have arrived at the offices of the corporate defendants, they would not be presumed to have been received by the persons to be served.[16]

In summary, Dill failed to present evidence of valid service, even though it was his burden to do so. Moreover, no presumption of validity arose which

---

[15]The dissent cites *Johnson & Johnson* v. *Superior Court, supra*, 38 Cal.3d at page 256, for the proposition that the three-year statute is satisfied if the plaintiff mails the summons " 'to an out-of-state defendant in the manner provided for by section 415.40 and files a return which includes a properly executed affidavit of service by mail.' " (Dis. opn., *post*, p. 1447.) There, the Supreme Court defined a proper affidavit to be one which informs the trial court that the plaintiff "has completed all acts necessary to effect service." (38 Cal.3d at p. 254.) The returns of service on the corporate defendants there satisfied that standard, because ". . . each sworn affidavit of service recited the name of the person and the address to which the envelope containing the summons was directed . . . ." (*Id.*, p. 255.)

Applying that same standard to the facts here, the affidavits are not "properly executed," because they show that Dill had not addressed the mail to a person to be served, and thus had not completed all acts necessary to effect service.

[16]Both Dill and the dissent cite *Shoei Kako Co.* v. *Superior Court* (1973) 33 Cal.App.3d 808 [109 Cal.Rptr. 402] for the proposition that a return receipt signed by an unidentified person

cures that omission. The trial court properly determined that the defendants had not been served.

C. *The Trial Court Impliedly Vacated the Defendants' Defaults and the Default Judgments Against Them.*

While we find no error in the dismissal of the action on the grounds raised by Dill, we raise on our own motion the question of whether the dismissal was proper given the existence of the default judgment. Obviously, an action which has already terminated is incapable of being dismissed. Orders of dismissal, therefore, are properly directed only toward pending actions. Was the action against the defendants still pending when it was dismissed by the trial court?

"An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." (§ 1049.) Since no notice was given to the defendants of the entry of the judgment, the time for appeal was 180 days from the date the judgment was entered. (Cal. Rules of Court, rule 2(a).) Here, the earlier of the two motions was not filed until October 22, 1991, more than 180 days after the judgment was entered on April 11, 1991. Thus, when the motions to dismiss were granted, there was no longer an action pending against the defendants, and there was nothing to be dismissed unless and until those default judgments were first vacated.

While the trial court did not expressly order the vacation of the judgments, it clearly intended that the dismissal of actions would have that effect. Therefore, we deem the trial court to have impliedly vacated the entry of defaults and the default judgments when it dismissed the actions.

Such a vacation is authorized by section 473, which provides in relevant part that a trial court "may, on motion of either party after notice to the other party, set aside any void judgment or order." (*Id.*, 6th par.) However, only one of the two defendants (Strata) sought the vacation of the judgment, and it did so only as an alternative to dismissal, and only on the grounds of extrinsic fraud and of section 473.5 (service failed to result in actual notice

can be accepted "as satisfactory evidence of actual delivery to the person to be served." (*Id.*, p. 818.) There, as here, the envelope containing the summons and complaint was addressed solely to the corporation, rather than to any individual person on behalf of the corporation. (*Id.*, pp. 815-816.) However, the plaintiff's failure to mail the summons to a person to be served, in conformance with sections 415.40 and 416.10, was not raised in that case, and thus we do not find it persuasive on this issue. To the extent that *Shoei Kako Co.* suggests that an envelope addressed simply to the corporate defendant rather than to any particular person or officer complies with sections 415.40 and 416.10, we decline to follow it.

to defendant). Nevertheless, we deem both defendants to have moved for the vacation of the judgments on the ground that they are void, for the following reasons.

First, Dill has not contested on appeal the propriety of dismissing an action in which a judgment has already been entered without first vacating the judgment. By failing to raise the issue, Dill has waived any error which may exist.

Second, as noted previously, compliance with the statutory procedures for service of process is essential to establish personal jurisdiction. (2 Witkin, Cal. Procedure, *supra*, Jurisdiction, § 92, pp. 459-460.) Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void. (See, e.g., *Nagel* v. *P & M Distributors, Inc.* (1969) 273 Cal.App.2d 176 [78 Cal.Rptr. 65].) Therefore, the issue in a motion to vacate would be the same raised by the defendants' motion to dismiss, i.e., whether Dill complied with the laws prescribing the manner in which a summons may be served on a foreign corporation.

Third, such a motion would have been timely had it accompanied the motions to dismiss. ▮▮▮ A motion to vacate a judgment on the ground that it is void is timely if made within a reasonable time (8 Witkin, Cal. Procedure, *supra*, Attack on Judgment in Trial Court, § 186, pp. 587-588), which has been determined to be any time within two years of the entry of the judgment (*Rogers* v. *Silverman* (1989) 216 Cal.App.3d 1114, 1120-1126 [265 Cal.Rptr. 286]). ▮▮▮ The motions here were made less than nine months after the entry of the judgment.

Finally, nothing would be gained by insisting upon an express motion having been made. Even assuming arguendo that the two-year time limit for relief by motion is not tolled by the pendency of this appeal, and thus that a motion after the issuance of the remittitur would be untimely, the defendants would not be without a remedy. In that event, the void judgment may be attacked by a separate action, without time limit. (8 Witkin, Cal. Procedure, *supra*, Attack on Judgment in Trial Court, § 186, p. 587, & § 203, pp. 601-602.) There is no reason to force the defendants to such an expense when the determinative legal issue has already been correctly decided by the trial court.

## DISPOSITION

Pursuant to section 43, we modify the order of dismissal to provide, beginning at line 21: "It is ordered and adjudged that the defaults and default

judgment entered against Strata America, also known as Stratamerica Corporation, and against Berquist Construction Company, also known as Bergquist Construction Company, Inc., are vacated, and that the action against those defendants is dismissed." As modified, the order of dismissal is affirmed.

Dabney, Acting P. J., concurred.

HOLLENHORST, J.—I respectfully dissent. I think that the majority ignores the fact that defendant foreign corporations failed to submit declarations showing plaintiff's noncompliance with the statutes relating to service of process on foreign corporations. If such evidence had been submitted, the trial court would have resolved the factual issues in making its decision on the motion. In the absence of such evidence, the presumption of proper service applies and was unrebutted.

A. *Since Defendants' Declarations Were Insufficient, No Factual Issues Were Created.*

The defendant foreign corporations brought their motions to dismiss pursuant to Code of Civil Procedure section 583.210.[1] That section provides that the summons and complaint must be served on a defendant within three years after commencement of the action.

1. *Defendants' Declarations Were Insufficient.*

Defendants *contended* that they were not properly served with the summons and complaint, and dismissal was therefore proper under that section.[2] In their points and authorities in support of the motion, they argued that service was technically improper under the service statutes, as discussed in the majority opinion.

However, the declarations in support of the motion only establish that the two corporations are foreign corporations. The declarations do not deny that (1) defendants actually received the summons and complaint; (2) they had actual notice of the litigation; or (3) their representatives actually signed the

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[2] In *Mannesmann DeMag, Ltd.* v. *Superior Court* (1985) 172 Cal.App.3d 1118 [218 Cal.Rptr. 632], the court found that, although a motion to quash is generally used to test the validity of service, a motion under section 583.210 was also proper because only effective service satisfies the statutory requirement. (172 Cal.App.3d at pp. 1124-1125.) Accordingly, the court held that "petitioner properly attacked the validity of the service by a motion to dismiss under the three-year statute." (*Id.,* at p. 1125.)

respective acknowledgements of receipt. In addition, defendants fail to allege that (1) the persons receiving the summons and complaint were not actually authorized to do so; (2) they were prejudiced by the manner of service used; and (3) they were unable to bring their motions sooner, such as at the time they were notified that their defaults had been taken.[3]

Most importantly, the declarations do not state that the persons actually signing the certified mail receipts were not authorized to do so, or that the persons actually signing the receipts are unknown or unidentified persons.

In my view it was not enough for defendants to *argue* a lack of authority—they should have submitted declarations establishing lack of ostensible authority. For example, defendants could have raised factual issues by submitting declarations showing that the corporations were not located at the addresses used, or that the persons signing the mail receipts were unknown to the corporation. Such declarations are necessary to deal with situations in which the defendant addressee contends that the person signing the receipt had no ostensible authority to sign for the addressee. If defendants wished to attack the service on this ground, they had to submit declarations which showed that the persons who signed the respective receipts lacked ostensible authority to do so.

No declarations showing lack of ostensible authority were submitted. "Defendant, having the clear opportunity to refute what otherwise appears to be competent evidence that he was served with process, has failed to do so." (*Neadeau* v. *Foster* (1982) 129 Cal.App.3d 234, 237 [180 Cal.Rptr. 806].)

If such declarations had been submitted, a factual issue would have been created that the trial court would have had to resolve in making its decision. The proper way to resolve such a controversy is shown by *Taylor-Rush* v. *Multitech Corp.* (1990) 217 Cal.App.3d 103 [265 Cal.Rptr. 672], a case brought to the attention of the trial court here. Plaintiff attempted to serve an individual defendant, Mr. Cohen, a corporate director or officer, at a residence address in New York City. A return receipt was submitted as evidence of service under section 417.20, subdivision (a). Mr. Cohen submitted a declaration that the receipt was signed by two persons who were unknown to him and that the summons and complaint had been sent to the correct street address but the wrong apartment number.

The trial court resolved the factual issue by finding in Mr. Cohen's favor and quashing service. The court upheld the trial court's resolution of this

---

[3] Since the motions were brought on equitable grounds, the trial court should have inquired why defendants did not bring their motions sooner, instead of waiting until plaintiff could not cure any service defects by re-serving defendants within the three-year service period. (Cf. § 473.5; *Mannesmann DeMag, Ltd.* v. *Superior Court, supra,* 172 Cal.App.3d 1118, 1125.)

factual conflict by applying the familiar rules of substantial evidence review. Faced with Mr. Cohen's declaration of erroneous service, plaintiff had to present additional evidence to demonstrate, by a preponderance of the evidence, that the jurisdictional criteria had been met. Since plaintiff failed to present such evidence, the trial court found in Mr. Cohen's favor, and substantial evidence supported the trial court's decision.

The defendants here failed to introduce evidence sufficient to raise a factual conflict, and I would find that this failure deprived the trial court's ruling of any evidentiary basis. Accordingly, the trial court abused its discretion in finding improper service.

### 2. Defendants Failed to Overcome the Presumption of Proper Service.

In the absence of a contrary declaration submitted by defendants, *M. Lowenstein & Sons, Inc. v. Superior Court* (1978) 80 Cal.App.3d 762, 770 [145 Cal.Rptr. 814] (overruled on other grounds by *Johnson & Johnson v. Superior Court* (1985) 38 Cal.3d 243 [211 Cal.Rptr. 517, 695 P.2d 1058]), states a presumption of service: "Such proof [of service under former § 581a, now section § 583.210] presumptively establishes the fact of proper service, but it may be impeached and the lack of proper service shown by contradictory evidence." (80 Cal.App.3d at p. 770.[4])

In *Johnson & Johnson*, defendant corporation was served by mail at its headquarters in New Jersey under section 415.40. A copy of the return receipt was submitted with the return of service. The corporation filed a motion to quash and a motion to dismiss under former section 581a, the predecessor of section 583.210. The narrow issue presented was whether the return receipt had to be filed within three years to satisfy the requirements of that section. The court held that the requirements of section 583.210 were satisfied "when a plaintiff, within three years of the commencement of an action, mails a copy of the summons and complaint to an out-of-state defendant in the manner provided for by section 415.40 and files a return which includes a properly executed affidavit of service by mail." (*Johnson & Johnson v. Superior Court, supra*, 38 Cal.3d 243, 256.) Accordingly, the filing of the affidavit of service was sufficient, even though the return receipts were submitted after the three-year period had elapsed.

---

[4]As noted in the majority opinion, *ante*, at pages 1441-1442, *Lowenstein* was at least partially overruled by *Johnson & Johnson v. Superior Court, supra*, 38 Cal.3d 243, 255, footnote 7. The majority opinion nevertheless fails to apply *Johnson & Johnson* here. For example, the court held that section 415.40 service was proper because the summons and complaint were mailed as provided in that section and a return was filed which included a properly executed affidavit of service by mail *even though* the signed return receipts were not included with the original return of service. (38 Cal.3d at p. 256.) This case supports plaintiff's position.

The court distinguished between acts required for service under section 415.40 and the acts required for proof of service under section 417.20. (38 Cal.3d at pp. 251-252.) As section 415.40 provides, service is deemed complete on the 10th day after mailing. Proof of service under section 417.20 must be made within three years. The court held that the submission of the affidavit of mailing within three years was sufficient, even though the return receipt was submitted later. (38 Cal.3d at p. 253.)

Here, an affidavit of service by mail under section 415.40 and the return receipts were both submitted within three years and service was equally proper. The *Johnson* opinion confirms this by saying: "[T]his court holds that, in cases in which substituted service pursuant to section 415.40 is employed, an effective return need not satisfy all of the requirements for proof of service. . . . Section 581a, subdivision (a) is satisfied where a plaintiff effects substituted service by mail pursuant to section 415.40 and files a return consisting of the original summons and a duly executed affidavit of service by mail within three years of the commencement of the action." (*Johnson & Johnson* v. *Superior Court, supra,* 38 Cal.3d 243, 254-255.) Accordingly, plaintiff here presumptively satisfied the requirements of section 583.210, and defendants did not.[5]

**B.** *Plaintiff Presumptively Complied With Sections 415.40, 416.10, Subdivision (b) and 417.20.*

Plaintiff also met his burden of showing presumptive compliance with sections 415.40, 416.10, subdivision (b) and 417.20. Since defendants produced no contrary evidence, plaintiff should prevail.

**1.** *Section 415.40.*

Section 415.40 provides: "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. . . ."

Except for the conclusory term "served," it is clear that plaintiff complied with the requirements of this section. He produced evidence, in the form of a declaration by his attorney, that he mailed copies of the summons and

---

[5]In a passage applicable here, the court also held that the presumption of Evidence Code section 641 (that a letter is presumed to have been received in the ordinary course of the mail) was sufficient to satisfy the purposes of former section 581a, even though it was not sufficient to meet the requirements of section 417.20. (*Johnson & Johnson* v. *Superior Court, supra,* 38 Cal.3d 243, 255.) In that case, as in this, no conflicting evidence or presumption was involved, and the presumption was therefore sufficient. (*Id.,* at p. 255, fn. 7.)

complaint to the respective defendant corporations by certified mail, return receipt requested. The return receipts were signed, returned to plaintiff, and filed with the declaration.

Weil and Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 1993) section 4:138 states: "Although either method [section 415.40 or section 415.30] can be used to serve a nonresident, the certified or registered mail with return-receipt-requested is far more practical: Once defendant (or someone authorized on his or her behalf) signs for the letter, service is complete."

The treatise also states: "[Section 415.40] is the most liberal method for service of summons allowed under California law: A nonresident defendant can be served anywhere in the world simply by mailing him or her copies of the summons and complaint . . . ." (Weil & Brown, *op. cit., supra,* § 4:134.)

For example, in *Shoei Kako Co.* v. *Superior Court* (1973) 33 Cal.App.3d 808 [109 Cal.Rptr. 402], plaintiff served a Japanese corporation by mail, purportedly under section 415.30. Although no formal acknowledgement of service was presented the court said: "The court, however, under the statute could accept the signed return receipt as satisfactory evidence of actual delivery to the person to be served." (33 Cal.App.3d at p. 818.)[6]

Another treatise, 1 California Civil Procedure Before Trial (Cont.Ed.Bar 1993) section 24.37, states: "If the return receipt is returned with no signature because the mail was not accepted, service under CCP § 415.40 will not have been made. [Citation.] When the return receipt is signed, however, the signer need not necessarily be the person to be served." (*Id.,* at § 24.37.)

In the absence of any evidence of the lack of ostensible authority of the persons signing the return receipts, plaintiff here clearly met the requirements of section 415.40.

---

[6]This case also illustrates the difference between jurisdiction and notice. The court had jurisdiction over the Japanese company because it was (indirectly) doing business in California. The service by mail provided notice of the action. As Weil and Brown state: "The methods for service of summons on defendants outside the state are even more liberal than those described above. *But remember*: There have to be 'minimum contacts' between the nonresident defendant and California for local courts to exercise jurisdiction. The broader methods for service of summons, therefore are *not* being relied upon for jurisdictional purposes. Rather, their function is simply to provide *notice* of the lawsuit." (Weil & Brown, *op. cit. supra,* § 4:132; see, also, *Ziller Electronics Lab GmbH* v. *Superior Court* (1988) 206 Cal.App.3d 1222 [254 Cal.Rptr. 410].)

However, the general issue of whether a Japanese corporation may be served by mail in Japan is still an open one. (*Honda Motor Co.* v. *Superior Court* (1992) 10 Cal.App.4th 1043 [12 Cal.Rptr.2d 861].)

### 2. *Section 416.10, Subdivision (b).*

Section 416.10 provides: "A summons may be served on a corporation by delivering a copy of the summons and of the complaint: [¶] . . . [¶] (b) To the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process."

I find *presumptive* compliance with this section because the plaintiff submitted signed return receipts acknowledging receipt of certified mail addressed to the corporation. The issue is whether such *presumptive* compliance is shown by the receipts themselves, without evidence of the authority of the person signing the receipt. Specifically, the question presented is whether the plaintiff must prove that the person signing the receipt is a person authorized by the corporation to receive service of process in order to show *presumptive* compliance with section 416.10, subdivision (b).

I believe the answer to the question must be "No." To hold otherwise, as does the majority, makes it difficult, if not impossible, to effectively serve foreign corporations by mail.[7]

Plaintiff mailed a copy of the summons and complaint with a cover letter to each defendant corporation. Plaintiff received a signed return receipt back from each defendant corporation. As discussed below, the return receipt is presumptive evidence, under section 417.20, that service has been made. I believe that the signed receipt is also presumptive evidence that the person signing it is a "person authorized by the corporation to receive service of process" as stated in section 416.10, subdivision (b) because the plaintiff is entitled to presumptively rely on the agent's assertion of ostensible authority. (Civ. Code, §§ 2315, 2317, 2319.) The agent makes the assertion of ostensible authority by signing the receipt and returning it to the plaintiff.

Obviously, a corporation is a separate legal entity that can only act through people. The authority of those people to act on behalf of the

---

[7]The majority opinion finds noncompliance with section 416.10, subdivision (b) because (1) plaintiff mailed his summons and complaint to the party to be served (the corporation) and did not address his letter to one of the persons listed in that subsection, and (2) plaintiff failed to prove that the summons and complaint was actually received by one of the specified persons.

On the first question, there is no statutory requirement that the summons and complaint be mailed to the individual persons listed in section 416.10, subdivision (b). As provided in section 412.30, the summons itself must contain a notice to the individual person served that he or she is served on behalf of the corporation.

On the second question, it is absurd to think that a plaintiff would ever know, without extensive discovery, which individual received or read a letter that plaintiff sent to a foreign corporation. Such a requirement would eliminate section 415.40 as a practical method of serving foreign corporations.

corporation is defined by the law of agency. Under well-settled agency principles, authority may be actual or ostensible.[8] (Civ. Code, § 2315.)

Ostensible authority is defined as "such [authority] as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." (Civ. Code, § 2317.) Since a corporate outsider does not usually know the extent of actual authority of corporate employees, the doctrine of ostensible authority allows outsiders to assume that the corporate employees possess the authority they appear to have. Thus, when a corporation allows a person to sign acknowledgements of receipt of mail, it gives that person ostensible authority to do so. In other words, as far as third parties are concerned, and even in the absence of actual authority, the corporation has ostensibly designated that person as a "person[] authorized by the corporation to receive service of process." (§ 416.10, subd. (b).) Plaintiffs who receive signed receipts may therefore rely on the ostensible authority of the person signing them to satisfy the requirements of sections 417.20 and 416.10, subdivision (b).

Weil and Brown state: "An individual may also be served by delivering summons and complaint to someone authorized to accept service on his or her behalf. [Citation.] [¶] Such authority may be *actual* (by appointment) or *implied* (ostensible), *as where defendant causes it to appear that another has been authorized to accept service on his or her behalf.*" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *op. cit. supra*, § 4:46, third italics added.) The treatise then cites *Warner Bros. Records, Inc.* v. *Golden West Music Sales* (1974) 36 Cal.App.3d 1012, 1018 [112 Cal.Rptr. 71]. That case dealt with service on a retained attorney. The court held the general rule that the attorney may not be served on behalf of a client inapplicable because the attorney had actual or ostensible authority under section 416.90. The court says: "The essential factor here is that [the attorney's] relationship with the individual defendants may have been sufficiently close and enduring to make it reasonably certain that they would be apprised of the service on [the attorney] upon their behalf." (36 Cal.App.3d at p. 1018.)

---

[8]There was no evidence of actual authority, or lack of actual authority, submitted here. In my view, such evidence is irrelevant because the plaintiff is entitled to rely on the ostensible authority of the corporate agent.

The majority unjustifiably assumes, without any evidence, a lack of actual authority. For example, the Berquist receipt is signed by Kelly Nofziger. There is no evidence that establishes whether Mr. or Ms. Nofziger is the president of Berquist, the corporate secretary, the mailroom clerk or other corporate employee, or a total stranger to the corporation. That is, there was no evidence that Mr. or Mrs. Nofziger was actually a person listed in section 416.10, subdivision (b) or not.

The parties here disagree on the question of which party had the burden of proof on the issue. (See, e.g., *Cubit* v. *Ridgecrest Community Hospital* (1987) 194 Cal.App.3d 1552, 1565-1567 [240 Cal.Rptr. 346] [decision on dismissal motion under former section 583a].) I find discussion of that issue unnecessary because I find ostensible authority here.

The court rejected the position that there had to be actual authority, citing *Pasadena Medi-Center Associates* v. *Superior Court* (1973) 9 Cal.3d 773 [108 Cal.Rptr. 828, 511 P.2d 1180]. That case is closer to our situation. Our Supreme Court there discusses the legislative history relied on by the majority opinion, emphasizes the principle of liberal construction in favor of service, and holds that service on a person who was *ostensibly*, but not actually, a corporate officer was sufficient under section 416.10. (*Id.*, at pp. 778-779.) *"Because service upon a corporate agent with ostensible authority to accept service suffices to acquire jurisdiction over the corporation, we conclude that defendant corporation has been properly served* and can present no viable reason for setting aside the default judgment entered against it." (*Id.*, at p. 777, italics added.) The same should be true here.

In other words, plaintiffs made a prima facie showing, by producing the signed return receipts, that a person ostensibly designated by the corporation had actually received a copy of the summons and complaint. Conversely, defendants failed to show that the persons signing the receipts were not "persons authorized by the corporation to receive service of process." (§ 416.10, subd. (b).)

Defendants therefore had the burden of supporting their motion with declarations and evidence to establish that the persons signing the certified mail receipts for the respective corporations were total strangers, i.e., that they lacked ostensible authority to sign the receipts. They failed to do so.

If defendants had contended that the persons signing the receipts were unknown to them, a factual issue would have been presented for the trial court to resolve. Since no such issue was presented on the declarations here, plaintiff's presumptive showing is unrebutted and should prevail.

3. *Section 417.20.*

Section 417.20 provides: "Proof that a summons was served on a person outside this state shall be made: [¶] . . . [by] evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence."

Proof of service is demonstrated by the return receipt. The section establishes that the signed return receipt alone is satisfactory proof of service. "To prove service by mail on a nonresident pursuant to CCP § 415.40, there must be hard evidence of actual delivery—either a signed receipt or other proof that the defendant (or someone authorized by defendant) *actually received* the mail." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before

Trial, *op. cit. supra*, § 4:136.) If service on a nonresident was made pursuant to section 415.40, *"proof of service requires the signed return receipt or other proof of actual receipt by the defendant. . . .* Without such 'hard evidence of actual delivery,' no default can be entered against the nonresident." (Weil & Brown, *supra*, at § 4:168, italics added.) There was "hard evidence of actual delivery" here, but the majority opinion disregards it.

*Neadeau v. Foster, supra*, 129 Cal.App.3d 234, states: "[W]e hold that the California statutory scheme [§§ 415.40 and 417.20] permits completion of service by mail when the return receipt is signed by a person so authorized by the defendant. The personal signature of the defendant is not required. . . . [¶] We hold that as defendant had designated another to receive mail on his behalf, receipt of said mail by the person authorized constitutes an actual delivery to the defendant." (*Id.*, at pp. 236-238.[9])

Put another way, when a corporation establishes a mailroom and allows clerks to acknowledge receipt of mail to third parties, the signed return receipt of mail by the mailroom clerk is, under the doctrine of ostensible authority, at least presumptive evidence of delivery to the requisite corporate officers and the corporation.

I therefore conclude that plaintiff made at least a presumptive case of compliance with section 417.20. In the absence of any contrary evidence, plaintiff should prevail.[10]

CONCLUSION

Thus, while I generally agree with the majority that plaintiff had to comply with sections 415.40, 416.10, subdivision (b), and 417.20, I find no *evidence* here that plaintiff failed to do so. I would hold that plaintiff's declarations showed at least presumptive compliance with these sections. The return of service and the signed return receipts evidenced that compliance and were at least presumptively sufficient proof of service on the foreign corporations under section 417.20, subdivision (b).

---

[9]*Neadeau* is otherwise factually distinguishable because there plaintiff filed an affidavit stating that the person who accepted the mail was actually authorized to do so. The court therefore did not need to discuss or rely on the doctrine of ostensible authority.

[10]See *Bein v. Brechtel-Jochim Group, Inc.* (1992) 6 Cal.App.4th 1387 [8 Cal.Rptr.2d 351], in which the court held that service on a residential gate guard was proper service on a domestic corporation whose president resided in the gated community. The court said: "The Supreme Court's admonition to construe the process statutes liberally extends to substituted service as well as to personal service." (*Id.*, at p. 1392; see also, *Pasadena Medi-Center Associates v. Superior Court, supra*, 9 Cal.3d 773; *Putnam v. Clague* (1992) 3 Cal.App.4th 542 [5 Cal.Rptr.2d 25]; *Hammer Collections Co. v. Ironsides Computer Corp.* (1985) 172 Cal.App.3d 899, 902 [218 Cal.Rptr. 627].) Although the majority opinion acknowledges the liberal construction rule, it fails to apply it.

If defendants wished to contest that service by declarations showing the addresses were wrong or the persons signing the receipts were unknown to them (as in *Taylor-Rush* v. *Multitech Corp.*, *supra*, 217 Cal.App.3d 103) they should have produced *evidence* to that effect which could have been evaluated by the trial court. They failed to do so, and their motions under section 583.210 should have been denied.

A petition for a rehearing was denied May 26, 1994, and appellant's petition for review by the Supreme Court was denied August 25, 1994. Mosk, J., was of the opinion that the petition should be granted.