[Civ. No. 41540. Second Dist., Div. Four. Jan. 28, 1974.]

WARNER BROS. RECORDS, INC., et al., Plaintiffs and Appellants, v. GOLDEN WEST MUSIC SALES et al., Defendants and Respondents.

**COUNSEL**

Mitchell, Silberberg & Knupp, Howard S. Smith, William R. Harmsen, and Russell J. Frackman for Plaintiffs and Appellants.

Ray R. Goldie, Roberts, Carmack & Johnson and John R. Carmack for Defendants and Respondents.

**OPINION**

**DUNN, J.**—This is an appeal by plaintiffs from an order granting the motions of several of the defendants to quash service of summons.

On March 7, 1972, plaintiffs commenced a class action seeking damages, an accounting and injunctive relief, for unfair competition and unjust enrichment. Named as defendants were: Arthur Leeds, Daniel Gottlieb and Paul Locke, as individuals and as copartners in Gottlieb, Locke & Leeds, a law partnership, 20 other persons, both in their individual capacities and "doing business as" various named entities,[1] 7 separate business entities,[2] and 500 "Does."

The verified complaint alleged: the named plaintiffs, and the class represented by them, are companies engaged in the business of producing, manufacturing and selling recordings of musical and other performances on disc phonograph records and prerecorded magnetic tapes; plaintiffs engage in such business pursuant to contracts with recording artists by which plaintiffs obtain the exclusive right to manufacture and sell (or to license others to manufacture and sell) records and tapes embodying the performances of the artists; without license from plaintiffs, the defendants, and each of them, transfer onto magnetic tape the performances embodied in records or tapes manufactured by plaintiffs, thereby unlawfully appropriating and "pirating" for their own profit the recorded performances owned by plaintiffs; defendants Gottlieb, Locke & Leeds, transacting business as a partnership, are licensed to practice law in California and maintain offices in Los Angeles; these three defendants assisted the other defendants in pur-

---

[1] One of these entities is designated as a corporation; the nature of the others is not indicated. In the complaint, it was alleged that, with the exception of the partnership, plaintiffs were without information as to the natures or kinds of entities by which defendants conduct business.

[2] These entities were: K & M Duplicating; Top Tunes Today Co.; September Songs Co.; January Records Co.; Gemini Tapes Co.; Cinq Sounds Co.; and Golden West Music Sales.

porting to comply with the Copyright Act (17 U.S.C. § 1 et seq.) by, among other actions, providing computer service for the payment of royalties to the owners of copyrights of musical compositions reproduced by defendants; Gottlieb, Locke & Leeds knew that such compliance did not give the other defendants the right to reproduce the recorded performances owned by plaintiffs; by their conduct, Gottlieb, Locke & Leeds acted as agents of the other defendants, and knowingly assisted them in the unlawful appropriation of the performances embodied in records or tapes manufactured by plaintiffs.

Service of process purportedly was made on all of the named defendants (except Gottlieb, Locke & Leeds) by handing copies of the summons and the complaint to Leeds as agent for each of the defendants; he purportedly was authorized to receive service of process for each of them. (Code Civ. Proc., § 416.90.)

The defendants, named in the complaint as follows, moved to quash service of summons; Golden West Music Sales; Tony Michaels, individually and doing business as Complete Packaging Co.; R. H. Wesslink, individually and doing business as Western Distributors; Larry Ancell, individually and doing business as Magnetic Sound, Inc.; K & M Duplicating; Gemini Tapes Co.; Bernard Mazel; Rita Halpern and Sidney Laks, individually and doing business as Alpine Enterprises. The ground of each motion was that the court lacked jurisdiction over the moving defendants (Code Civ. Proc., § 418.10, subd. (a)(1)) because Leeds was not a person authorized by such defendants to receive service of process in their behalf. Declarations so stating were filed in support of each motion.

Plaintiffs filed declarations opposing the motions to quash. These declarations stated, in essence: Leeds represents defendants for the purpose of mailing and filing notices of intent to use copyrighted material pursuant to the Copyright Act; on behalf of defendants, Leeds prepares and sends such notices to the owners of copyrights of songs which defendants intend to reproduce mechanically; the notices are signed by Leeds, as attorney for the defendants, and state that any correspondence with defendants concerning the notices should be mailed to Leeds; royalties are paid to the copyright owners each month for each of their songs mechanically reproduced by defendants during the previous month; defendants provide Leeds with the information required to compute the amount of royalties payable; Leeds has this information put into the form of reports addressed to the copyright owners to be signed by defendants under oath; Leeds also draws and signs, on behalf of defendants, the royalty checks, which are drawn on a royalty trust account consisting of money furnished by defendants;

Leeds then sends the reports and the checks to the defendants with instructions to sign the reports and mail them, together with the checks, to the copyright owners in envelopes furnished by Leeds and bearing his return address. Attached to, and incorporated into, the declarations were copies of the notices, the reports and the checks, as well as portions of a deposition of Leeds taken by plaintiffs.

Each of the motions to quash service of summons was granted by the court on the stated ground that, under Code of Civil Procedure section 416.90, Leeds was not a person authorized by any of the defendants to receive service of process because "[i]n order for him to be such an agent, his authorization must be real and actual and cannot be inferred or implied."[3] Plaintiffs appeal from the order granting the motions.[4] (Code Civ. Proc., § 904.1, subd. (c).)

The Code of Civil Procedure enumerates the persons upon whom summons may be served, as follows: section 416.10, corporations generally; section 416.20, corporations dissolved or with charter forfeited; section 416.30, joint stock companies or associations; section 416.40, unincorporated associations; section 416.50, public entities; section 416.60, minors; section 416.70, wards and conservatees; section 416.80, political candidates; and section 416.90, persons not otherwise specified. Although the capacities of defendants K & M Duplicating and Gemini Tapes Co. is not indicated (see fn. 1), it is apparent that such defendants are not individuals, but are business entities of a type specified in the sections other than section 416.90. Hence, they are not persons "not otherwise specified," and they may not be served pursuant to section 416.90.[5] In support of their motions to quash service of summons, K & M Duplicating and Gemini Tapes Co. filed declarations (which were uncontroverted) stating that Leeds is not any of the "persons" listed in sections 416.10-416.40 as authorized to receive service of process for a corporation, a partnership or other business entity.[6] Therefore, the order quashing service of summons must be affirmed as to defendants K & M Duplicating and Gemini Tapes Co.

---

[3]But, although dealing with Code of Civil Procedure section 416.10, see *Pasadena Medi-Center Associates* v. *Superior Court* (1973) 9 Cal.3d 773, 777-780 [108 Cal. Rptr. 828, 511 P.2d 1180], decided after the order of the court.

[4]In their opening brief, plaintiffs indicate they are abandoning their appeal as to defendants Golden West Music Sales and R. H. Wesslink, individually and doing business as Western Distributors.

[5]Section 416.90 reads: "A summons may be served on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process."

[6]Such persons include: the president or other head of a corporation, a vice president, secretary or assistant secretary, a treasurer or assistant treasurer, a general manager or a person authorized by the corporation to receive service of process, or

■ We now consider the validity of the service of process on Leeds on behalf of the individual defendants. Code of Civil Procedure section 416.90 is part of the law enacted in 1969 governing service of process. (Stats. 1969, ch. 1610.) Section 416.90 provides: "A summons may be served on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." The Judicial Council's comment to section 416.90 states: ". . . If process is delivered to an agent of defendant, such agent must be one who is authorized by law or by appointment to receive service of process, and the agent of an individual for other purposes is not necessarily authorized to receive such process."

The Judicial Council further observes: "A specific appointment is not required, but the principal-agent relationship must be close and enduring enough to make it highly probable that the defendant will receive actual notice." Report of the Judicial Council's Special Committee on Jurisdiction (Nov. 2, 1968) pp. 35-36. See also: Li, Attorney's Guide to Cal. Jurisdiction and Process (Cont.Ed.Bar 1970) pp. 85-86, § 1.34.) This statement by the draftsmen of section 416.90 is in accord with their expressed intention that the recently enacted statutes governing service of process " '. . . should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant, and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint.' " (*Pasadena Medi-Center Associates* v. *Superior Court, supra* (in fn. 3), 9 Cal.3d at p. 778.)

The evidence set forth in plaintiffs' declarations, as summarized above, was uncontroverted.[7] Therefore it remains only to consider such evidence in the light of the foregoing principles.

---

the trustee of a dissolved corporation (§§ 416.10-416.30); a general partner or the general manager of a partnership, or the president or other head of an association, a vice president, secretary or assistant secretary, a treasurer or assistant treasurer, a general manager or a person authorized by the association to receive service of process (§ 416.40).

[7]A trial judge is not bound to accept as true the sworn testimony of a witness even in the absence of evidence contradicting it, and this rule applies to an affidavit (*Lohman* v. *Lohman* (1946) 29 Cal.2d 144, 149 [173 P.2d 657]; *People* v. *Kirk* (1952) 109 Cal.App.2d 203, 207 [240 P.2d 630].) However, it does not appear that the trial. judge chose to disbelieve any of the evidence contained in plaintiffs' declarations. The record indicates that the order granting the motions to quash was based solely upon the application of section 416.90, as interpreted by the judge, to the uncontroverted evidence set forth in the declarations.

As an attorney retained by defendants, Leeds was their agent. (See Civ. Code, § 2295; *People* v. *Gilbert* (1944) 25 Cal.2d 422, 443 [154 P.2d 657].) The nature of the services performed by Leeds for defendants and the necessity for his repeated communication with them in performing those services, made it "highly probable" that defendants would receive actual notice of the service of process on Leeds upon their behalf. This conclusion is strengthened by the fact that the instant action was based, in part, upon the services which Leeds rendered for defendants as their agent. Therefore, considering the situation from a practical standpoint, service of the summons and complaint on Leeds could be valid as to defendants Michaels, Ancell, Mazel, Halpern and Laks.

Defendants point to the rule that an attorney has no power to receive, on behalf of his client, service of the original process by which jurisdiction is acquired, unless the attorney has been specifically authorized by the client to receive service. (7 C.J.S. 905, Attorney and Client, § 83.) That rule has no application in view of section 416.90, which does not distinguish between an attorney and other persons who may be, actually or ostensibly, authorized to receive service of process on behalf of the principal.

Defendants contend section 416.90 does not apply because Leeds is an independent contractor, not an employee or an agent. (Cal. Civil Procedure Before Trial (Cont.Ed.Bar) p. 5, § 6.) Such labels are not determinative in ascertaining the validity of substituted service under section 416.90. (Cf. *Cosper* v. *Smith & Wesson Arms Co.* (1959) 53 Cal.2d 77, 83-84 [346 P.2d 409]; *Eclipse Fuel etc. Co.* v. *Superior Court* (1957) 148 Cal. App.2d 736, 740 [307 P.2d 739]; *Fielding* v. *Superior Court* (1952) 111 Cal.App.2d 490, 494 [244 P.2d 968].) The essential factor here is that Leeds' relationship with the individual defendants may have been sufficiently close and enduring to make it reasonably certain that they would be apprised of the service on Leeds upon their behalf.

As already noted herein, the trial court stated, as a guiding legal principle, that Leeds could not be an agent to receive service of process because ". . . to be such an agent, his authorization must be real and actual and cannot be inferred or implied." We hold this to be an incorrect principle, in light of the statement of our Supreme Court in *Pasadena Medi-Center Associates* v. *Superior Court, supra* (fn. 3, 9 Cal.3d at p. 777) that: "Because service upon a corporate agent with ostensible authority to accept service suffices to acquire jurisdiction over the corporation . . . ." Although this case dealt with Code of Civil Procedure section 416.10, involving service of process upon a corporation, we find no valid distinction applying to the principle involved. In our case it is charged that the de-

fendants sent reports and checks to third parties in envelopes furnished by Leeds and containing his return address. This factor may be a sufficient basis upon which to find these defendants ostensibly held Leeds out as their agent; however, standing alone it does not demand a conclusion that he was their ostensible agent to receive service of process. We think such a determination should be made in the trial court where a determination of the factual issue must be made, although findings of fact are not required.

Accordingly, the order quashing service of summons is affirmed as to defendants K & M Duplicating and Gemini Tapes Co., but the order is reversed as to defendants Michaels, Ancell, Mazel, Halpern and Laks, and the matter is remanded to the trial court for a determination of the issue herein mentioned.

Jefferson, Acting P. J., and Cole, J.,* concurred.

A petition for a rehearing was denied February 14, 1974, and appellants' petition for a hearing by the Supreme Court was denied April 17, 1974. Mosk, J., did not participate therein.

---

*Assigned by the Chairman of the Judicial Council.