Filed 10/9/13  McCray v. Ryan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| EMANUEL McCRAY, Plaintiff and Appellant, v. HAL RYAN et al., Defendants and Respondents. | D063242 (Super. Ct. No. 37-2010-00097606-CU-PA-CTL) |


APPEAL from an order of the Superior Court of San Diego County, Lorna Alksne, Judge.  Reversed and remanded with directions.


Emanuel McCray, in pro. per., for Plaintiff and Appellant.

McDougal, Love, Eckis, Boehmer & Foley, Steven E. Boehmer and Carrie L. Mitchell for Defendants and Respondents.

Plaintiff Emanuel McCray appeals an order granting a motion to quash service on certain defendants.  McCray contends the defendants were properly served.  Because there is a factual question concerning whether service was effective, we reverse the order and remand the matter for a determination of that question.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2010, McCray filed a complaint in San Diego County Superior Court relating to the injuries he sustained when he fell on a transit bus in November 2009. The complaint named as defendants the Metropolitan Transit System (MTS), the Metropolitan Transit System Board (MTSB), the San Diego Transit Corporation, various San Diego area cities and the County of San Diego and its Board of Supervisors. On March 21, 2011, McCray filed a first amended complaint that added as defendants the individual members of the MTSB and the County Board of Supervisors (Hal Ryan, Marti Emerald, Anthony Young, Todd Gloria, Sherri Lightner, Jim Cunningham, Jess Van Deventer, Jerry Selby, Jim Janney, Bob McClellan, Al Ovrom, Jerry Rindone, Ernest Ewin, Ron Roberts and Harry Mathis) and MTS employee Mark Held (collectively, individual defendants). On March 30, 2011, McCray delivered a box of documents to the MTS's offices containing envelopes with the names of each of the individual defendants on them. Each envelope contained a copy of a form summons not issued by the court and a copy of the amended complaint.

Counsel for MTS, Carrie L. Mitchell, sent a letter to McCray on April 5, 2011, advising him MTS would not accept service on behalf of the individual defendants and directing him to personally serve each individual defendant. Mitchell sent another letter to McCray on April 8, 2011, advising him the summons needed to be issued by the court. The letter also directed McCray to send the court-issued summons, amended complaint and acknowledgments of receipt to Mitchell. A third letter from Mitchell to McCray, dated April 14, 2011, explicitly stated her law firm represented the MTS defendants as well as the individual defendants. It

2

further advised McCray to "direct all future correspondence and communications" to her "relating to the parties represented by this office in this matter."

On November 9, 2011, McCray mailed a package to Mitchell containing summons and notice and acknowledgment of receipt forms. The forms were not signed or returned to McCray. McCray, however, filed the certificates of service on the individual defendants as well as unsigned notice and acknowledgment of receipt forms. In response, the individual defendants filed a motion to quash service of summons and to vacate the certificates of service filed with the court. On February 3, 2012, the court granted the motion, finding McCray had not filed proof that the written acknowledgments of receipt of summons were executed and returned and, therefore, service was not effective.

On February 7, 2012, McCray filed a request for entry of default against the individual defendants along with a declaration stating he had "personally served [the individual defendants] through their attorney of record with a copy of the Summons, Complaint and Statement of Damages because these defendants had refused to waive service of Summons," and proofs of service of summons indicating the summons and complaint were personally served by delivering copies of them to Steven A. Boehmer, a partner in Mitchell's law firm, on December 28, 2011.

The clerk entered default against the individual defendants. The individual defendants contend the default was entered on October 10, 2012. The court's register of actions, however, shows default was entered as to the individual defendants on February 7, 2012. On October 22, 2012, the individual defendants filed an ex parte application seeking an order vacating the clerk's entry of default and quashing the service of summons. On October 30, 2012, the court

3

vacated the entry of default against the individual defendants, quashed service of the amended complaint and struck the proofs of service filed on February 7, 2012, from the docket. The October 30, 2012, order stated after the court's review of the file it found the individual defendants "were not properly served . . . ."

## DISCUSSION

As an initial matter, the portion of the October 30, 2012, order vacating the clerk's entry of default is not appealable. (*Veliscescu v. Pauna* (1991) 231 Cal.App.3d 1521, 1522.) McCray's appeal from that aspect of the order is dismissed. The court's order quashing service, however, is appealable. (Code Civ. Proc., § 904.1, subd. (a)(3).) We also deny McCray's requests to take judicial notice of court records in another case against him and this court's opinion dismissing his earlier appeal in this case (D061921). These documents have no relevance to the issues in this appeal.

"In the absence of a voluntary submission to the authority of the court, compliance with the statutes governing service of process is essential to establish that court's personal jurisdiction over a defendant. ([Code Civ. Proc.,] § 410.50.)" (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1439, fn. omitted.) "When a defendant challenges [a court's personal jurisdiction over him or her] by bringing a motion to quash, the burden is on the plaintiff to prove the existence of jurisdiction by proving, inter alia, the facts requisite to an effective service." (*Id.* at pp. 1439-1440.) "However, strict compliance is not required. In deciding whether service was valid, the statutory provisions regarding service of process ' " 'should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant . . . .' " ' " (*Id.* at pp. 1436-1437.)

4

Code of Civil Procedure section 416.90, contained within the article describing the "Persons Upon Whom Summons May Be Served," provides: "A summons may be served on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such person *or to a person authorized by him to receive service of process*." (Code of Civ. Proc., § 416.90, italics added.) " '. . . If process is delivered to an agent of defendant, such agent must be one who is authorized by law or by appointment to receive service of process . . . .' " (*Warner Bros. Records, Inc. v. Golden West Music Sales* (1974) 36 Cal.App.3d 1012, 1017.) Service upon an agent with ostensible authority is sufficient to acquire jurisdiction. (*Id*. at p. 1018.)

"The existence of an agency relationship is usually a question of fact, unless the evidence is susceptible of but a single inference." (*Violette v. Shoup* (1993) 16 Cal.App.4th 611, 619.) " 'To establish ostensible authority in an agent, it must be shown the principal, intentionally or by want of ordinary care has caused or allowed a third person to believe the agent possesses such authority.' " (*Gulf Ins. Co. v. TIG Ins. Co.* (2001) 86 Cal.App.4th 422, 439; see also Civ. Code, § 2317.) " '[W]here the principal knows that the agent holds himself out as clothed with certain authority, and remains silent, such conduct on the part of the principal' " may establish the existence of an agency relationship. (*Gulf Ins. Co.*, at p. 439.)

Here, McCray contends personal service on Boehmer, a partner in Mitchell's law firm, was effective because Mitchell's April 14, 2011, letter explicitly stated her firm represented the individual defendants in this matter. The individual defendants' ex parte application to quash service, filed almost 10 months after the documents were delivered to Boehmer, stated Boehmer was "not the actual or ostensible agent for service of process. . . ." Mitchell's earlier

5

statement, however, gave rise to a factual question as to whether such an agency relationship existed at the time the documents were served on Boehmer. The individual defendants provide no explanation concerning Mitchell's April 14 statement. Accordingly, the order quashing service of summons on the individual defendants must be reversed. The matter is remanded to the trial court for a determination of whether McCray's December 28, 2012, service on the individual defendants by delivery to Boehmer was effective.

## DISPOSITION

The order quashing service of the amended complaint on the individual defendants is reversed and remanded for a determination of whether the December 28, 2012, service on Hal Ryan, Marti Emerald, Anthony Young, Todd Gloria, Sherri Lightner, Jim Cunningham, Jess Van Deventer, Jerry Selby, Jim Janney, Bob McClellan, Al Ovrom, Jerry Rindone, Ernest Ewin, Ron Roberts, Harry Mathis and Mark Held via delivery to Boehmer was effective. The appeal is dismissed as to the order vacating the clerk's entry of default. Each party shall bear its own costs on appeal.

McINTYRE, J.

WE CONCUR:


BENKE, Acting P. J.


O'ROURKE, J.

6