Filed 10/26/22  Flowers v. Crawford CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| MARIANNE FLOWERS, | D078670 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2018-00015752-CU-PO-CTL) |
| MARY S. CRAWFORD, et al. | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Affirmed.

Marianne Flowers, in pro. per., for Plaintiff and Appellant.

Lynberg & Watkins, Michael J. Larin, Shant N. Nashalian; Sutton & Murphy and Michael S. Sutton, for Defendants and Respondents.

### INTRODUCTION

Marianne Flowers alleged she was injured when she slipped and fell on water from a freezer leak at a Vons supermarket.  Among other defendants, she sued Jerry Crawford, the president and CEO of a janitorial company.  She did so as a self-represented litigant.  More than two years after filing her complaint, Flowers allegedly served the summons and complaint on Crawford

by substituted service. She failed to show proof she mailed Crawford a copy of the summons and complaint by first-class mail, as required by California Code of Civil Procedure section 415.20, subdivision (b).[1] Instead, she filed proof of service that she emailed a copy of the summons and complaint to Crawford's attorney, who was not authorized to accept service. Consequently, the trial court granted Crawford's motion to quash service of the summons. Contrary to Flowers's arguments on appeal, the trial court's ruling was proper and so we affirm.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

Flowers filed her complaint against Crawford on March 29, 2018.[3] She filed a proof of service on Crawford on June 29, 2020. According to the proof of service, a non-California registered process server left a copy of the summons and complaint at an address in Addison, Texas with "John Doe, Front Desk in Lobby Hispanic male, 45-50 years old, black hair, 200 lbs, 5'10"." That allegedly occurred on January 21, 2020. The proof of service did not reflect that the summons and complaint had been mailed first-class, postage prepaid to the same location. Box 5.c. on the proof of service

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] Crawford died after Flowers filed her notice of appeal. In July 2022, we granted an unopposed motion to substitute personal representatives Mary S. Crawford and John Mark Crawford in place of Crawford. (Cal. Rules of Court, rule 8.36(a).) For clarity, we refer to Crawford and his personal representatives collectively as "Crawford" when discussing the background and arguments in this appeal.

[3] She also named as defendants "Vons Headquarters, a corporation," "Lawrence A. Del Santo (President CEO), an individual," "Sedwick[,] a corporation," "David North (President CEO)," "Vons Insurance," and "King Janitorial[,] a corporation." (Some capitalization omitted.)

regarding this mailing requirement was left unchecked and incomplete. There is also no evidence in the record to show that Flowers satisfied this mailing requirement.

On July 27, 2020, Crawford specially appeared by filing a motion to quash Flowers's service of the summons and complaint. Crawford asserted service was defective because Flowers did not mail the summons and complaint by first-class, postage prepaid mail at the place where the summons and complaint were allegedly left, as required by section 415.20, subdivision (b).

Flowers did not timely file an opposition to the motion to quash. Instead, on January 13, 2021, two days before the hearing on Crawford's motion to quash, she filed another proof of service. In that proof of service, a registered California process server declared that he served Crawford with the summons and complaint on January 7, 2021, by emailing "Michael Sutton, Attorney, Authorized to Accept on behalf of Jerry Crawford (President CEO)" at what purports to be Sutton's email address.

Nine days after the opposition deadline, also on January 13, 2021, Flowers filed a 15-page document, captioned: "INJURED BRATZ GIRL ATIORNEYMARIANNE LOLITA FLOWER HAS TO TEACH ALL 5 PRESIDENT'S CEO'S A CORPORATIONS ATTORNEYS WHO LACKS KNOWLEDGE ON THE WHOLE CASE. JUDGE JOEL GAVE COUNSEL M FLOWER A CHOICE TO PLEAD BOTH CASE'S COUNSEL M STATED IT IS NOT THE SAME CASE NOV 2, 2018. BABY DOLL BARBIE.M. FLOWER. [NO] FRIVIOUL,S MOTIONS ALLOWED, [NO] QUASHING A CASE, INVALID ALL PARTIES BEEN SERVED PROOF SERVICE AND SUMONS. WHEN ALL 5 CEO'S PRESIDENTS A CORPORATION'S HAS NO KNOWLEDGE ON CASE NOTHING, RACISM WHEN YOU DONOT EVEN HELP THE CUSTOMER, NO NOTHING, IGNORANCE AND MISONDUCT PREJUDICE RACIST ATTACKS TO BRIBE THE JUDGE [NO

3

FAVORTISM TO CLIENT-JUDGE] FOR PROPOSED ORDERS IS MISCONDUCT AND PREJUDICE AND RACISM. YOU CANNOT [ RE-WRITE]-WRITE FRIVOULOUS MOTIONS WHEN YOULACK KNOWLEDGE AND YOU DO NOT [NO NOTHING.] DURESS." [*sic*]  In the document, Flowers did not proffer any evidence of completing the mailing requirement of section 415.20, subdivision (b).

On January 15, 2021, Flowers filed a declaration captioned "Declaration of Attorney Marianne Flowers Is Opposing In Regard to Defendant Jerry Crawford's Motion to Quash Service of Process." (Capitalization omitted.)  In it, she stated that "Attorney Marianne Flowers had Michael Sutton served on behalf of . . . Jerry Crawford . . . because Michael Sutton is and was the attorney for Jani King Headquarters, a Corporation Owner and for the President CEO Jerry Crawford."  She further stated, "Attorney Marianne Flowers called Attorney Michael S. Sutton's office on January 4, 2021 and obtained Michael S. Sutton's email address by stating that I wanted to serve case papers by email.  Attorney Michael S. Sutton's office gave me the email address to serve documents by email."  The record is otherwise silent on Sutton's authorization to accept service of the lawsuit against Crawford.

On March 5, 2021, Flowers timely appealed.

DISCUSSION

I.

*Crawford's Motion to Dismiss Is Denied*

Before we turn to the merits of the appeal, we discuss, and reject, Crawford's contention that we should dismiss this appeal.

First, in a motion to dismiss, Crawford contends we should exercise our discretion to dismiss this appeal because Flowers's opening brief fails to articulate a legal argument.  Although we ultimately do not find merit in her

4

position, Flowers has articulated a claim that she properly served Crawford by substituted service and by serving his attorney, whom she contends was authorized to accept service. The motion to dismiss is denied.

Second, in his respondent's brief, Crawford contends this appeal should be dismissed as moot. The argument goes that because Crawford has passed away before service was perfected, service can never be effected on him. Not so. As acknowledged in the respondent's brief, "[o]n motion, a court shall allow a pending action . . . against the decedent that does not abate to be continued against the decedent's personal representative." (§ 377.41.) And this court granted respondent's motion to substitute Crawford's personal representatives, Mary and John Crawford, in his place. (Cal. Rules of Court, rule 8.36(a).) Thus, service can be effected on the personal representatives.

Finally, Crawford asserts that Flowers's three-year deadline to effectuate service of process expired on March 30, 2021, and so it is argued that Flowers's action must be dismissed by the trial court. (§§ 583.210, subd. (a) ["The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant."], 583.250, subd. (a)(2) ["If service is not made in an action within the time prescribed in this article . . . [t]he action shall be dismissed[.]"].) But Crawford overlooks section 583.240, subdivision (c). That provision provides that "[i]n computing the time within which service must be made . . . , there shall be excluded the time during which . . . [¶] [t]he validity of service was the subject of litigation by the parties." (§ 583.240, subd. (c).) Thus, Crawford's filing of the motion to quash on July 27, 2020 tolled the three-year deadline, and the time within which service must be made will not expire until this appeal has resolved.

5

II.

*The Trial Court Properly Granted Crawford's Motion to Quash*

On a motion to quash, it is the plaintiff's burden to prove by a preponderance of the evidence that jurisdiction exists. (*Simons v. Steverson* (2001) 88 Cal.App.4th 693, 711.) Where the jurisdictional facts are not in conflict, we are presented with a question of law and independently review the trial court's ruling. (*Ibid.*) As an appellant who represents herself, Flowers "is entitled to the same, but no greater, consideration" as any other attorney or litigant on appeal and is required to follow the rules of appellate procedure. (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638; *McComber v. Wells* (1999) 72 Cal.App.4th 512, 523 ["Although [appellant] is representing herself in this appeal she is not entitled to special treatment and is required to follow the rules."].) Chief among these rules is that Flowers, as the party seeking reversal, carries the burden to affirmatively demonstrate error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 ["a fundamental principle of appellate procedure [is] that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment"].) Flowers has failed to do that here.

Section 415.20, subdivision (a), sets forth the process for effecting service in lieu of personal service of the summons and complaint. It provides that "a summons may be served by leaving a copy of the summons and complaint during usual office hours in [the person's] office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, *and by thereafter mailing a copy of the summons and*

6

*complaint by first-class mail, postage prepaid* to the person to be served at the place where a copy of the summons and complaint were left." (§ 415.20, subd. (a), italics added.) Here, it is not disputed that Flowers failed to demonstrate she mailed a copy of the summons and complaint to Crawford, at the Texas address where a copy of the summons and complaint was allegedly left. Without the mailing, service of the summons is not deemed complete. (§ 415.20, subd. (a) ["Service of a summons in this manner is deemed complete on the 10th day after the mailing."].)

Flowers contends she served Crawford by emailing the summons and complaint to his attorney of record, Sutton. Section 416.90 provides "[a] summons may be served on a person . . . by delivering a copy of the summons and of the complaint . . . to a person *authorized by him* to receive service of process." (Italics added.) But Flowers has failed to demonstrate Sutton was "authorized" to accept service of process on Crawford's behalf. Simply acting as a party's attorney does not make that individual an authorized agent for service of process. (E.g., *Summers v. McClanahan* (2006) 140 Cal.App.4th 403, 411–412 [" 'such agent must be one who is authorized by law or appointment to receive service of process, and the agent of an individual for other purposes is not necessarily authorized to receive such process' "]; *Warner Bros. Records, Inc. v. Golden West Music Sales* (1974) 36 Cal.App.3d 1012, 1018–1019 (*Warner Bros.*) [where lawsuit alleged that defendants sent reports and checks to third parties in envelopes furnished by their attorney and containing their attorney's address, court held "[t]his factor . . . standing alone . . . does not demand a conclusion that [their attorney] was their ostensible agent to receive service of process"].)

More is required than just being the attorney of record. In *Warner Bros.*, for example, the court stated "[t]he essential factor . . . [wa]s that [the

7

attorney's] relationship with the individual defendants may have been *sufficiently close and enduring* to make it reasonably certain that they would be apprised of the service on [their attorney] upon their behalf." (*Warner Bros., supra*, 36 Cal.App.3d at p. 1018, italics added.) Here, Flowers has not demonstrated Sutton had such a relationship with Crawford. She has also not demonstrated Sutton, or anyone in his office, told Flowers that Sutton was authorized to accept service of process on behalf of Crawford. Nor is there anything in the record to suggest that Sutton was registered as an agent for service of process for Crawford, or his business, with the California Secretary of State.

For these reasons, service of the summons and complaint on Crawford was defective as a matter of law. Without proper service of process, the court does not have jurisdiction over the defendant. (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444 ["[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction."]; *Kappel v. Bartlett* (1988) 200 Cal.App.3d 1457, 1464 [service of process, including the summons, is the means by which a court obtains jurisdiction over the defendant].) The trial court's ruling granting the motion to quash was proper.[4]

---

4    Flowers's opening brief asserts a number of other arguments that are beyond the scope of our review. These arguments include, for example, complaints about the trial judge's purported conflict of interest, the validity of service on defendants other than Crawford, and Crawford's second motion to quash filed in February 2021. These matters were not before the trial court at the relevant motion to quash hearing, and they are based on alleged facts that are not part of the appellate record. So we disregard them. (See, e.g., *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102 ["Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs."].) Additionally, "[s]tatements of facts not supported by references to the record may be disregarded as a

8

## DISPOSITION

The January 15, 2021 order is affirmed. Each party is to bear his or her own costs.

DO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DATO, J.

---

violation of rule 8.204(a)(1)(C) of the California Rules of Court." (*Princess Cruise Lines, Ltd. v. Superior Court* (2009) 179 Cal.App.4th 36, 45.)