Filed 2/6/25  Ramirez v. Investcorp Holdings CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| MARTIN RAMIREZ, | |
| Plaintiff and Appellant, | E081603 |
| v. | (Super.Ct.No. CIVDS1904895) |
| INVESTCORP HOLDINGS, B.S.C. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Winston S. Keh, Judge.  Affirmed.

Martin Ramirez, in pro. per., for Plaintiff and Appellant.

Tressler and Jeffrey Michael Carson for Defendants and Respondents.

Plaintiff and appellant Martin Ramirez files this second appeal in regard to a complaint filed in 2019 in which he claimed to have fallen and sustained injuries at his apartment complex, which was managed by FPI Management Inc. (FPI) and owned by IVC Grand Terrace Capital, LLC (IVC).  In Ramirez's first appeal, this court found that

1

the trial court properly dismissed the case against FPI and IVC based on Ramirez's failure to appear at the time of trial on February 28, 2022. (*Ramirez v. FPI Management, Inc., et al.* (Aug. 16, 2024, E079749) [nonpub. opn.]; hereafter the Opinion.)

This appeal concerns defendants and respondents John Contreras, Dennis Treadaway, Catherine A. Gayer, Sarah Y. Sorensen, Kimberly S. Oberrecht, and Investcorp Holdings, B.S.C. (collectively, Defendants), which this court found were not parties to the first appeal. Ramirez added Defendants to a second amended complaint (SAC) he filed in the case. Defendants did not respond to the SAC insisting they were never properly served by Ramirez. Ramirez filed, almost one year after the trial court dismissed the case against FPI and IVC, a request for default of Defendants. The trial court found that Defendants had never been properly served by Ramirez and denied the motion for request for default. The trial court found that dismissal of Defendants was appropriate based on Ramirez's failure to serve the SAC.

Ramirez makes several claims on appeal, the majority of which are unintelligible or not cognizable in this appeal. Ramirez makes it very difficult for this court to determine what he is arguing on appeal. He does seem to continue to argue that the trial court erred by dismissing the case on February 28, 2022, but that claim has already been resolved in the Opinion. He also claims the trial court erred by denying his request for default on April 26, 2023, but fails to address that this appeal is from the dismissal of Defendants. The remainder of Ramirez's opening brief is unintelligible but appears to relate to interlocutory orders that were not appealable, his claim he was denied his right to a fair trial, some claim regarding denial of his motion for reconsideration, and his

2

claim that his filings were somehow destroyed. Ramirez does make statements in the opening brief and reply brief that the trial court erred by finding that Oberrecht did not accept service on behalf of all Defendants and that Defendants generally appeared. As such, we will address the sole issue of whether the trial court properly dismissed Defendants based on Ramirez's failure to serve them with the SAC.

## FACTUAL AND PROCEDURAL HISTORY

### A.    ORIGINAL AND FIRST AMENDED COMPLAINT

On February 15, 2019, Ramirez filed a personal injury complaint against FPI and InvestCorp dba IVC Grand Terrace Capital LLC.[1] He claimed to have fallen as a result of an unsafe sidewalk condition at an apartment complex owned by IVC and managed by FPI. He alleged a cause of action of premises liability and fraud. He sought wage loss, hospital and medical expenses, and loss of earning capacity. He sought compensatory and punitive damages.

On December 26, 2019, Ramirez filed a first amended complaint (FAC) which was filed against, among others, Gayer, Contreras, and Treadaway. In the FAC, he used the name InvestCorp dba IVC Grand Terrace Capital, LLC. The FAC included fraud and premises liability claims against all new defendants, FPI and IVC. The record does not contain a proof of service of the FAC on Gayer, Contreras, and Treadaway.

---

[1] We will hereinafter refer to this entity as IVC.

## B.   SECOND AMENDED COMPLAINT AND DISMISSAL

On July 14, 2020, defendant filed the second amended complaint (SAC).  The SAC was filed against FPI and IVC.  In addition, it included "InvestCorp Bank B.S.C. erroneously named as InvestCorp dba IVC Grand Terrace Capital, LLC."[2]  The other defendants were also named.  His first cause of action was for premises liability against FPI, IVC, InvestCorp, Contreras, and Treadaway.  The theories of premises liability included negligence and willful failure to warn.  His second cause of action was for fraud against Gayer, Sorensen, and Oberrecht.  He attached the summons for each defendant. He claimed to have personally delivered each SAC to each defendant but did not include a date.  A hearing was held on July 16, 2020.  The trial court found that Ramirez had failed to serve the SAC; Ramirez was ordered to serve Defendants.

FPI and IVC filed an answer to the SAC raising several affirmative defenses including contributory negligence, comparative fault of codefendants, negligence on the part of third parties, statute of limitations, and numerous other defenses.  Oberrecht was their counsel.  In a letter to Ramirez dated February 7, 2020, Oberrecht stated she was the attorney of record for IVC and FPI and to serve her with documents rather than her clients.  She also included in the letter, "This will . . . confirm that we have never agreed to e-mail service in this case."  Oberrecht filed a declaration dated July 27, 2020, admitting that she represented IVC and FPI.  She noted that InvestCorp had nothing to do with the property where Ramirez claimed he was hurt and that InvestCorp had not been

---

[2]  We will hereinafter refer to this entity as InvestCorp.

4

served.  She filed another declaration that InvestCorp was not affiliated with IVC or FPI.  She sent an email to Ramirez on July 27, 2020, advising him that she only represented FPI and IVC.  She did not represent any employees of FPI or IVC nor the attorneys named in the SAC.  In her filings, she only represented FPI and IVC.

On October 27, 2020, Oberrecht, on behalf of FPI and IVC, filed an ex-parte application for Ramirez to stop direct contact with InvestCorp officers and employees, and employees of IVC and FPI.  Oberrecht clearly stated she was not authorized to accept service on behalf of InvestCorp.  Oberrecht confirmed in an email to Ramirez on August 17, 2020, that she did not represent Gayer and Sorensen.  Oberrecht also advised Ramirez that she had not been served with the SAC but had a copy.  She stated she never received the SAC in the mail nor an acknowledgment for her to sign.

On January 8, 2021, Oberrecht filed an amended motion for protective order[3] on behalf of FPI and IVC for the deposition of several persons, including Treadaway.  Ramirez filed a response.  He insisted that Oberrecht, Gayer, and Sorensen were served on or around July 14, 2020.  Oberrecht also objected on behalf of FPI and IVC to depositions of herself, Sorensen, and Gayer.  The trial court granted the motion.  Oberrecht continued to advise Ramirez that she did not represent Gayer and Sorensen.

From February 2021 until July 27, 2021, Ramirez repeatedly refused to participate in an independent medical exam (IME) to assess his alleged injuries.  He finally went for the exam in July 2021 but refused to participate once he was in the doctor's office.  On

---

[3]  The original motion was filed on December 17, 2020; it is not part of the appellate record.

June 17, 2021, the trial court, after reviewing a motion for summary judgment filed by FPI and IVC, found that there was a triable issue of fact as to whether the sidewalk defect was trivial.

Numerous continuances were granted by the trial court and trial was set for 10:00 a.m. on February 28, 2022. The trial court would grant no further continuances. On February 28, 2022, the case was called for trial. Ramirez failed to appear. Oberrecht, who only represented FPI and IVC made an oral motion to dismiss the case. The trial court noted that it may have considered continuing the trial if an attorney had appeared for Ramirez and requested a continuance or if Ramirez requested a special accommodation to appear remotely. Ramirez had not appeared. The motion to dismiss the case with prejudice against FPI and IVC for Ramirez's failure to appear for trial was granted by the trial court.

The judgment dismissing the case with prejudice was filed on June 2, 2022. FPI and IVC were the prevailing parties and were entitled to costs. The judgment was served on Ramirez on June 28, 2022. On August 26, 2022, Ramirez filed his notice of appeal and the appeal was limited by this court to FPI and IVC. In the Opinion, we refused to consider any issues involving Defendants. We found the trial court properly dismissed the case for Ramirez failing to appear but ordered remand to the trial court to change its order to dismissal without prejudice.

C.      DEFAULT AND DISMISSAL OF DEFENDANTS

On August 12, 2021, Ramirez filed a request for entry of default against InvestCorp and the clerk of the superior court entered the default. On September 17,

6

2021, InvestCorp specially appeared to set aside the default and for an order quashing service of the SAC. In Ramirez's opposition to the motion to quash, he claimed to have properly served InvestCorp according to Bahrain law and that they had generally appeared through Oberrecht. The trial court granted the request to set aside the default based on failure of service.

On August 11, 2021, Ramirez filed a motion for terminating sanctions against Defendants. Oberrecht filed a response on August 19, 2021, stating she was the attorney for IVC and FPI. She stated in the response that only these two defendants had been properly served in the case. Oberrecht provided a declaration that she had never been served with the SAC and never received or returned a notice of acknowledgment of service. She had never appeared in court as a party. She insisted she was not an agent of service for InvestCorp. Ramirez filed a response that all Defendants had been served on or around July 14, 2020. No proof of service of the SAC was provided to the trial court.

Ramirez apparently filed a notice of ex parte application to request that a motion for default of Defendants be heard on August 27, 2021. He filed a declaration that he both emailed and mailed the SAC to Oberrecht for Defendants on or around July 15, 2020. Oberrecht never returned the notice of acknowledgment. Ramirez also contended that Oberrecht generally appeared for Defendants by filing motions for protective orders. Counsel for Oberrecht, Gayer, and Sorensen specially appeared to object to the request for default. None of the attorney defendants had accepted service of the SAC. Oberrecht also filed an objection on behalf of FPI and IVC, claiming that Contreras and Treadaway

7

should not be defaulted because they were never served with the SAC. They did not generally appear.

On August 26, 2021, an ex parte application for an order to quash service of the summons and complaint, and dismiss non-served defendants was filed on behalf of Oberrecht, Gayer, and Sorensen. They argued that no personal service of the SAC had been attempted and they should be dismissed. Sorensen, Gayer, and Oberrecht all declared they had never been served with the SAC. Oberrecht also filed on behalf of IVC and FPI to dismiss Contreras, and Treadaway. Further, InvestCorp was not properly served.

On September 8, 2021, the matter of the default of Defendants was heard. The order stated that Ramirez's motion for default of Defendants was denied based on the failure to serve Defendants. The motion to dismiss filed by Gayer, Oberrecht, and Sorensen was denied based on there being no statutory grounds to dismiss them.

Ramirez again attempted in November 2021 to request default of Defendants; the request was denied by the clerk of the court unless he could provide a proper proof of service.

On March 10, 2023, Ramirez filed his "Statement of Case and Declaration ISO Request for Default Court Judgment Against [Defendants]" (Request for Default). He named InvestCorp as InvestCorp Holdings B.S.C. He contended that a default court judgment should be entered against Defendants for their failure to answer the SAC. Ramirez argued that Defendants had previously had judgments entered against them for failing to respond, which were set aside by the trial court after Defendants requested

8

relief from default. Ramirez insisted that by filing their request for relief from default, they made a general appearance and should have responded to the SAC.

The matter was called on March 29, 2023. Ramirez was the only party present. The trial court noted it was not actually sure what the Request for Default was actually asking the trial court to do and inquired if Defendants had been served with the Request for Default. Ramirez advised the trial court that the case was currently on appeal for only two of the defendants, FPI and IVC. The trial court stated it did not have a proof of service for the Request for Default. The trial court noted that the clerk of the superior court should not have accepted the filing without the proof of service. Ramirez made some confusing comments about filing a proof of service that was not processed in time and that he was having a lot of problems with the "city department office." The trial court refused to conduct the hearing without proof of service. Ramirez was informed he had to refile the Request for Default with proof of service on all parties.

On March 29, 2023, Ramirez filed a "Prove-Up Hearing Statement of Case and Declaration ISO Request for Default Court Judgment against [Defendants]" (Prove Up Motion). He named Investcorp Holdings B.S.C., which he noted was named Investcorp in the original complaint, and Investcorp Bank B.S.C. in the SAC. Ramirez insisted that Defendants did not answer the SAC despite previous default judgments being reversed. Sorensen and Gayer lied about not being served with the SAC.

Ramirez included in the appendix a one-page summons for each defendant; none of them indicated that it was a summons for the SAC. There were no dates of service. He also included a proof of electronic service, which he signed on July 15, 2020. There

9

was no court file stamp. He claimed to have served the SAC to Oberrecht by email on July 15, 2020, and that she had agreed to accept electronic service for Defendants, FPI, and IVC. Also, a proof of service of summons dated December 16, 2019, indicated "[a]ddress where the party was served [¶] malardhi@investcorp.com (According to Bahrain Law, Summons can be served via Electronic Service)." "Mohammed Alardhi" was listed as the executive chairman of InvestCorp.

Ramirez also included a proof of electronic service in which he claimed to have served a "Corrected (Excel spreadsheet) Default Court Judgment Prove-Up Hearing Package" by email ON Oberrecht on April 18, 2023. He claimed she was willing to accept electronic service for all Defendants. Counsel for Oberrecht, Gayer, and Sorensen filed objections to the Request for Default and Prove Up Motion.

The matter was called on April 25, 2023. Ramirez was present along with counsel for Oberrecht, Gayer, and Sorensen. The defendants reiterated their arguments, with counsel contending that his clients were never properly served. Ramirez argued that the case should not have been dismissed for his failure to appear at trial on February 28, 2022. He also insisted that all of the defendants generally appeared in the case. The matter was taken under submission.

On May 3, 2023, the trial court by minute order denied with prejudice Ramirez's Request for Default and subsequent Prove Up Motion. The trial court reviewed the facts of the case. It noted that on July 14, 2020, Ramirez filed his SAC, which named Defendants. On August 12, 2021, default was entered against InvestCorp Bank B.S.C. On September 8, 2021, the trial court denied Ramirez's request for default of Contreras,

10

Treadaway, Gayer, Sorensen, and Oberrecht finding none of them had been served. On September 17, 2021, Investcorp Bank B.S.C. filed a motion to quash service and set aside default against it. It was granted on November 3, 2021. On February 28, 2022, the trial court dismissed the case with prejudice due to Ramirez's failure to appear. An appeal was filed by Ramirez but was limited to FPI and IVC. On March 10, 2023, Ramirez filed the Request for Default against Defendants.

The trial court found that Defendants were never served with the SAC and did not appear in the action. There was no evidence that Investcorp Bank B.S.C. was ever served after the default was set aside. Defendants were not in default and never appeared. The trial court noted, "a court must dismiss an action for failure to serve the defendant within 3 years" or "may dismiss based on the failure to serve the defendant within 2 years." Ramirez filed his claims against Gayer, Contreras, and Treadaway on December 26, 2019, which was well over three years ago. The claims against Oberrecht and Investcorp were filed over two years prior. Further, Defendants were never served with a statement of damages as required by Code of Civil Procedure[4] section 425.11, subdivisions (b) and (c). The trial court found that service of Oberrecht was not proper because there was no evidence in the record that she represented any of the Defendants. She filed a declaration on September 17, 2021, stating that she was not authorized to accept service for InvestCorp. "[D]ispositive of his request [for default] is his failure to establish the six defendants were properly served with summons and complaint and [Ramirez]'s failure to

---

[4] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

11

show they were also served with statements of damages prior to entry of default." The trial court also noted the case was dismissed in February 2022. The request for entry of default was denied.

On May 10, 2023, the trial court rejected another attempt by Ramirez to file the Prove-Up Motion finding "Motion to Request for Consideration of Req for Default Judgment Prove-up Package Ex. A-N returned. As previously notified, this matter was denied with prejudice." An ex parte request for reconsideration was denied for filing and returned as already decided. The trial court also denied a request for a statement of decision.

Ramirez filed an appeal from the trial court's order denying his Request for Default on June 22, 2023. It states the appeal was from a "[d]efault judgment" and "an order after judgment under Code of Civil Procedure, § 904.1 (a)(2)." This court found that the unsigned minute order was not an appealable order. We ordered Ramirez to obtain an order from the trial court dismissing Defendants. On September 15, 2023, the trial court signed an order finding that after the hearing on April 25, 2023, the Request for Default was denied and Defendants were dismissed.

**DISCUSSION**

The only issue in this appeal is whether the trial court properly dismissed Defendants due to Ramirez never properly serving them with the SAC or a statement of damages.

12

A.    APPEALABILITY

"[A] reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.)  The written order signed by the trial court on September 15, 2023, dismissing Defendants, is an appealable order pursuant to section 581d. Defendants insist this appeal should be dismissed because Ramirez did not file an appeal from the dismissal order.  However, this court ordered Ramirez to obtain a dismissal order from the trial court, and if such order was obtained, the case would continue. There was no necessity of filing an additional notice of appeal.  Defendants make no further argument regarding appealability and we will proceed to consider the merits of whether the trial court properly ordered the dismissal of Defendants.

B.    SERVICE

The main question for the trial court was whether Defendants were ever actually served with the SAC.

A summons and complaint can be served personally or by leaving a copy at a dwelling house, place of business, or office.  (§§ 415.10, 415.20)  Section 415.30 allows for service by mail and provides in relevant part,  "(a) A summons may be served by mail as provided in this section.  A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender."  Subdivision (b) of section 415.30 provides the specific language that must be included in the notice, while subdivision (c)

13

states that "[s]ervice of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender."

Section 416.90 provides, "A summons may be served on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." Simply being an attorney for a party does not necessarily make that attorney an authorized agent for service of process. (See *Warner Bros. Records v. Golden West Music Sales* (1974) 36 Cal.App.3d 1012, 1018-1019.) Ramirez bears the burden of showing the party served was defendant's agent for service of process. (*Lebel v. Mai* (2012) 210 Cal.App.4th 1154, 1160, 1163.)

The burden of proof for proper service of process is on the plaintiff. (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441, fn. 14

Oberrecht made it clear that she was not willing to accept electronic service. Moreover, the electronic service was personally signed by Ramirez and he could not serve the SAC as a party. (§ 414.10 ["A summons may be served by any person who is at least 18 years of age and not a party to the action"].) Ramirez has not provided evidence of proof of service on July 15, 2020, by mail, nor provided any citation to the record that supports that the SAC was mailed to Oberrecht or the other Defendants. There is no acknowledgment of service in the record. Oberrecht, Gayer, and Sorensen all declared they never received a copy of the SAC by mail nor an acknowledgment of service. Moreover, Oberrecht repeatedly informed Ramirez that she did not represent Contreras,

14

Treadaway, Sorensen, or Gayer. She made some appearances for InvestCorp to keep Ramirez from harassing its employees but never stated that she represented them in regards to the SAC. There simply is no evidence that the SAC was ever properly served on Defendants through service of Oberrecht.

Ramirez also appears to claim he served InvestCorp in conformance with Bahrain law by emailing the SAC to an officer of the company. However, he cites to section 413.10, subdivision (c), which states, "[e]xcept as otherwise provided by statute, a summons shall be served on a person:  [¶] . . . [¶]  (c) Outside the United States, as provided in this chapter or as directed by the court in which the action is pending, or, if the court before or after service finds that the service is reasonably calculated to give actual notice, as prescribed by the law of the place where the person is served or as directed by the foreign authority in response to a letter rogatory. These rules are subject to the provisions of the Convention on the 'Service Abroad of Judicial and Extrajudicial Documents' in Civil or Commercial Matters (Hague Service Convention)."  This authority does not support that InvestCorp could be served electronically. Further, Ramirez has never presented a copy of Bahrain Ministry of Justice Decree No. 89 of 2018. Moreover, Ramirez himself signed the proof of service for the service of the FAC and original complaint to InvestCorp. Regardless of the rules for service outside the United States, he was still subject to section 414.10, and he could not serve InvestCorp since he was a party. Ramirez cannot show that he properly served InvestCorp with the SAC.

15

Ramirez contends that if we find that he did not properly serve the SAC, Defendants made general appearances in the case subjecting them to the jurisdiction of the court. Ramirez insists that at an ex-parte appearance on October 28, 2020, Oberrecht commented that she was appearing for all parties, which cured any defects in service. He insists that Oberrecht made general appearances on behalf of Defendants by filing motions for protective orders for Treadaway and Gayer, Sorensen, and Oberrecht. Ramirez also contends that the motions to quash and set aside default judgments were general appearances by Oberrecht on behalf of all Defendants.

These appearances by Oberrecht were not general appearances for all Defendants. Oberrecht made clear at the beginning of the hearing on October 28, 2020, that she was representing IVC and FPI. She commented that she "represented all of them" when she complained that Ramirez had been contacting executives at InvestCorp. She in no way stated that she represented InvestCorp itself or the other Defendants. Oberrecht made it clear that she did not represent Gayer and Sorensen. She also made it clear when appearing that it was on behalf of the interests of IVC and FPI. Oberrecht never advised the trial court that she represented Defendants.

Further, appearances ex parte are not general appearances. Section 418.11 provides "[a]n appearance at a hearing at which ex parte relief is sought, or an appearance at a hearing for which an ex parte application for a provisional remedy is made, is not a general appearance and does not constitute a waiver of the right to make a motion [to quash service of summons based on lack of personal jurisdiction] under Section 418.10." Moreover, appearances seeking to set aside default and quash service are not general

16

appearances. (§ 418.10.) Additionally, Oberrecht's filing of protective orders to stop the depositions of Treadaway and Contreras were all filed on behalf of FPI and IVC. Her filing of protective orders for Treadaway and Contreras, employees of FPI, was done on behalf of FPI and not as a general appearance for them. Ramirez has failed to provide any authority supporting that these were general appearances for Treadaway and Contreras.

Finally, we note that knowledge of a complaint does not dispense with the statutory requirement of service of summons. (*Kappel v. Bartlett* (1988) 200 Cal.App.3d 1457, 1465-1467.) The fact that Defendants may have been aware of the SAC does not absolve Ramirez of his burden to properly serve the SAC. The trial court properly determined that Ramirez failed to meet his burden of showing he served Defendants with the SAC.

C.     DISMISSAL

Once the trial court determined that Ramirez had failed to serve Defendants, and that none of them had generally appeared, it had to determine whether dismissal was appropriate.

A party is entitled to mandatory dismissal if the plaintiff fails to serve the party within three years after commencing the actions against the party. (§§ 583.210, 583.250.) Dismissal of an action is within the trial court's discretion based on the failure to serve a defendant within two years. (§ 583.420.)

17

Initially, Ramirez makes no argument regarding the trial court's dismissal under sections 583.250 and 583.420. Ramirez's failure to provide any legal authority or analysis forfeits the claim on appeal. (*United Grand Corp. v. Malibu Hillbillies, LLC,* (2019) 36 Cal.App.5th 142, 146.)

Even if we were to consider the merits of the claim, Gayer, Contreras, and Treadaway were all added to the FAC on December 26, 2019. Based on the trial court's finding that the SAC was not served on these parties within the three-year period, the trial court properly dismissed the case against them. Sorensen, InvestCorp, and Oberrecht were added to the SAC on July 14, 2020. They were subject to the discretionary dismissal of the SAC. Ramirez repeatedly filed motions for default, which were denied based on his failure to serve the SAC. Ramirez never made an attempt to effect service after denial of his motions and clearly had not properly served the SAC when it was first filed. The trial court reasonably concluded that Ramirez had not properly served the SAC in the two-year period, and dismissal was appropriate based on this lack of service. We affirm the trial court's order dismissing Defendants.[5]

---

[5] Plaintiff attached exhibits to his reply brief and requested that this court augment the record with the documents. This court denies the request to augment the record and did not consider the documents. We also deny his request made on August 13, 2024, to augment the record as the documents are not filed stamped by the trial court so it is not clear they were filed in the trial court.

## DISPOSITION

The order of dismissal is affirmed.  As the prevailing parties, respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.