Filed 7/28/25  Soliman v. Virgin Atlantic Airways Limited CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MAHER SOLIMAN,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>VIRGIN ATLANTIC AIRWAYS LIMITED,<br><br>  Defendant and Respondent. | A170850<br><br>(San Francisco City & County Super. Ct. No. CGC-20-585619) |

  Maher Soliman obtained a default judgment against Virgin Atlantic Airways Limited, a foreign corporation, for injuries he allegedly sustained from food poisoning during an international flight.  Virgin Atlantic then successfully moved to vacate the default judgment under Code of Civil Procedure section 473, subdivision (d)[1], based on improper service of process.  Soliman appeals from the trial court's decision granting the motion.  We affirm.

### BACKGROUND

#### A.

  For a court to obtain personal jurisdiction over a defendant, the defendant must be properly served with a summons,

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

providing notice of the suit along with a copy of the complaint. (See *California Capital Ins. Co. v. Hoehn* (2024) 17 Cal.5th 207, 214 (*California Capital*); *Thomson v. Anderson* (2003) 113 Cal.App.4th 258, 269; §§ 412.20, 410.50, subd. (a).) As a result, when a plaintiff has failed to comply with statutory requirements for service of the summons on the defendant, a subsequent default judgment is void. (*California Capital*, at p. 214.) The reason for this rule is that due process requires that the defendant in a lawsuit be provided with fair notice and an opportunity to be heard. (*Ibid.*)

Service on a corporate defendant must be accomplished by serving an individual whom the corporation has authorized to receive service of process on its behalf. (See *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1436 (*Dill*); see also Corp. Code, §§ 1701, 2110; Code Civ. Proc., § 416.10.) Corporations Code section 2110 provides that a foreign corporation may be served by hand delivery "(a) to any officer of the corporation or its general manager in this state, . . . (b) to any natural person designated by it as agent for the service of process, or (c), if the corporation has designated a corporate agent, to any person named in the latest certificate of the corporate agent filed pursuant to [Corporations Code] Section 1505." Corporations Code section 1505, in turn, provides that before a company may be designated as the agent for service of process for another entity, it must file a certificate providing the "address of its office or offices in this state, wherein any entity designating it as such agent may be served with process," the name of each employee whom it has authorized to receive service of process, and "[i]ts consent that delivery thereof to any such person at the office where the person is employed shall constitute delivery of any such copy to it, as such agent." (Corp. Code, § 1505, subds. (a)(1)-(3).)

2

Consistent with the foregoing provisions, Corporations Code section 2105, subdivision (a)(6), provides that as a condition of doing business in California, a foreign corporation must file with the Secretary of State a statement and designation stating "[t]he name of an agent upon whom process directed to the corporation may be served within this state." (See also Corp. Code, § 1502, subd. (b) [requiring that every corporation file with the Secretary of State a statement that "designate[s], as the agent of the corporation for the purpose of service of process, a natural person residing in this state or a corporation that has complied with Section 1505"]. In addition, the foreign corporation's designation must state "[i]ts irrevocable consent to service of process directed to it upon the agent designated and to service of process on the Secretary of State if the agent designated or the agent's successor is no longer authorized to act or cannot be found at the address given." (Corp. Code, § 2105, subd. (a)(7)(A).)

**B.**

Soliman's personal injury suit alleged that, after eating a meal provided on a Virgin Atlantic flight from San Francisco to London, he became ill from food poisoning and suffered damages as a result. He filed a proof of service indicating that in October 2020, the complaint and summons were personally delivered to Linda Banks, Virgin Atlantic's registered agent for service of process in Georgia, who was employed by C T Corporation System (CT). In January 2022, Soliman obtained a default judgment against Virgin Atlantic for over $1 million. Virgin Atlantic asserts that it learned of the default judgment in April 2024, when it received a notice indicating that its bank accounts would be levied upon to satisfy the judgment.

The following month, Virgin Atlantic filed a motion under section 473, subdivision (d), to vacate the default judgment and quash the writ of execution. Under section 473, subdivision (d), a

3

defendant may, at any time, file a motion to vacate a judgment that is void based on improper service of process. (See *California Capital*, *supra*, 17 Cal.5th at pp. 212, 225.) Under section 473, the plaintiff bears the burden of proving the facts necessary to establish proper service. (*Dill*, *supra*, 24 Cal.App.4th at p. 1440.)

Virgin Atlantic's motion argued that the judgment was facially invalid because Soliman did not serve a proper individual, so the court lacked jurisdiction. The evidence in support of the motion indicated that Virgin Atlantic, a corporation organized and based in England, has designated CT as its authorized agent for service of process "within the State of California." CT is a registered agent for service of process for numerous customers across the country. Virgin Atlantic's evidence included its statement and designation, filed with the California Secretary of State in 1990, designating CT as its corporate "agent upon whom process directed to the undersigned corporation may be served within the State of California, in the manner provided by law." The statement further provided that Virgin Atlantic "hereby irrevocably consents to service of process directed to it upon the agent designated above." Although the form statement includes a space to designate an agent for service of process who is a natural person, that section of the form is blank. Virgin Atlantic also submitted a copy of a webpage from the California Secretary of State listing 18 employees of CT authorized to receive service of process on behalf of Virgin Atlantic at CT's business address in Glendale, California; Linda Banks is not listed.

CT's Lawrenceville, Georgia office is listed on the Georgia Secretary of State's website as a registered agent for Virgin Atlantic. At the Lawrenceville, Georgia office, the only documents pertaining to Soliman's suit received by CT, addressed to Linda Banks on behalf of Virgin Atlantic, were the summons and complaint, a statement of damages, and a notice of levy.

Virgin Atlantic also submitted a declaration from a Virgin Atlantic employee, Marie Gilbert, who worked in its Atlanta, Georgia office during the relevant time period and was familiar with the company's systems for document management and handling litigation-related claims. According to Gilbert, Virgin Atlantic closed its Atlanta office and reduced its staff beginning in March 2020 due to the COVID-19 pandemic, so Gilbert's role became fully remote, she was the only employee remaining on her team, and she never received any hard copies of documents in this case from CT mailed to the Atlanta office. In addition, although CT sent emails to Virgin Atlantic transmitting the summons and complaint, statement of damages, and notice of levy, Gilbert was unable to locate any record indicating that the summons and complaint or statement of damages were ever forwarded to or received by Virgin Atlantic's legal department.

In opposition to the vacatur motion, Soliman filed a brief representing that although he made "several attempts" to serve the lawsuit in California, "[t]here was no one available to receive it." He represented that after he called a 1-800 telephone number for Virgin Atlantic, a Virgin Atlantic representative advised him to serve the lawsuit in Georgia, so he located Virgin Atlantic's registered agent through the Georgia Secretary of State. In support of his opposition, Soliman submitted a notarized affidavit of service from a process server stating under oath that he served Linda Banks, a registered agent with CT, with copies of the summons and complaint at her office in Lawrenceville, Georgia. Soliman also submitted affidavits of service indicating that several other documents in the lawsuit were served on Linda Banks in Georgia.

The trial court granted Virgin Atlantic's motion to vacate the default judgment and quash the writ of execution, concluding that because the proof of service indicates that no one in CT's

designated California office was served with the summons, the service was defective and the default judgment was void.

## DISCUSSION

Under section 473, subdivision (d), if the trial court determines that a judgment is void, the court has discretion to set aside the void order. (See *W. Bradley Electric, Inc. v. Mitchell Engineering* (2024) 100 Cal.App.5th 1, 12.) Where, as here, the historical facts are undisputed, we review de novo the trial court's determination that a judgment is void, and we review for abuse of discretion the court's decision to vacate a void judgment. (*Ibid*.) Applying these standards, we affirm the trial court's decision.

### A.

Citing *Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 180-181, Soliman argues that Virgin Atlantic's motion is untimely because it was not brought within two years of the default judgment. *Trackman* held that when reference to extrinsic evidence is necessary to establish the invalidity of a judgment, a motion to vacate the judgment under section 473, subdivision (d), must be brought within two years of its entry. (*Trackman v. Kenney, supra,* at pp. 180-181.) But our Supreme Court recently overruled *Trackman* on this point. (See *California Capital, supra*, 17 Cal.5th at pp. 215-216, 218-226.) The Legislature deliberately omitted a deadline from section 473, subsection (d), and there is no justification for judicially imposing one, regardless of whether the movant seeks to rely on extrinsic evidence. (*California Capital*, at pp. 221-222, 223-226.)

### B.

Soliman contends that Virgin Atlantic was properly served because Linda Banks is Virgin Atlantic's registered agent for service of process in Georgia, and there is no dispute that she

6

received personal service of the summons. His argument lacks merit.

For service of process to be effective, it must comply with the applicable statutory requirements. (See *California Capital, supra,* 17 Cal.5th at p. 214.) The statutory provisions for a corporation's appointment of a registered agent are based on the corporation's consent for designated individuals to act as its agent for service of process. (See *Federal Machine & Welder Co. v. Superior Court of Los Angeles County* (1968) 259 Cal.App.2d 927, 930 (*Federal Machine*); see also Corp. Code, §§ 1505, subd. (a)(3), 2105, subd. (a)(7)(A); Rest., Judgments, §§ 28, com. a., 29, com. a.) Thus, Corporations Code section 2105 requires a foreign corporation transacting business in this state to designate an agent to whom the corporation grants "[i]ts irrevocable consent to service of process directed to it upon the agent designated." (Corp. Code, § 2105, subd. (a)(7)(A).) A corporation is also entitled to change its designated agent for service of process—in other words, withdraw its consent as to a particular agent. (See *id.,* § 2117, subd. (e); *id.,* § 2107, subd. (d).)

Under the applicable statutory provisions, a foreign corporation that designates a corporate registered agent must consent to have that entity act as the corporation's agent for service of process "within this state." (Corp. Code, § 2105, subd. (a)(6); see also *id.,* § 1505, subd. (a)(1).) Further, to be effective, service via a corporate registered agent must be to a specific *person* who is employed by the corporate agent and designated as having authority to receive service of process. (*Id.,* § 1505, subd. (a)(2) [requiring a corporate agent to file a certificate listing "[t]he name of each person employed by it at each [office in this state] to whom it authorizes the delivery of a copy of any such process"]; *id.,* § 1505, subd. (a)(3) [requiring a corporate agent to provide its consent that delivery to any listed employee will constitute delivery to the corporate agent]; *id.,* § 2110 [providing that a

7

foreign corporation that has designated a corporate agent may be served "to any person named in the latest certificate of the corporate agent filed pursuant to Section 1505"]; see also *id.*, § 1701.)[2]

Accordingly, although Virgin Atlantic has designated CT as its corporate agent for service of process in California, indiscriminately serving any employee of CT, anywhere in the country, is not sufficient to confer personal jurisdiction in a California court, absent Virgin Atlantic's consent. (See *Federal Machine, supra*, 259 Cal.App.2d at pp. 931-932 [holding under Corporations Code former section 6500 that service of a California summons on a foreign corporation's corporate agent in another state does not establish personal jurisdiction, "even though the person served is the person designated under the laws of the foreign jurisdiction upon whom process may be served in that state"].) As required by the Corporations Code, Virgin Atlantic has consented to have CT act as its corporate agent for service of process "within the State of California." But a "person who is authorized to perform one function on behalf of a principal may have no authority at all regarding a different function." (*Dill, supra*, 24 Cal.App.4th at p. 1438.) Although CT also functions as Virgin Atlantic's corporate agent for service of process in Georgia, there is no evidence that Virgin Atlantic has authorized Linda Banks to be served on its behalf for purposes of a California lawsuit. Being based in Georgia, Banks is not and could not be listed on Virgin Atlantic's statement and designation with the California Secretary of State as a natural person residing in California who is authorized to receive service of process (see Corp. Code, §§ 1502, subd. (b), 2105, subd. (a)(6)), nor

---

[2] We note that although section 415.40 allows for service "on a person outside this state," the person to be served nonetheless must be an appropriate person—i.e., someone authorized by the defendant to receive such service. (See *Dill, supra*, 24 Cal.App.4th at p. 1436.)

is she an employee whom CT could designate as authorized to receive service of process in California (see *id.*, § 1505, subd. (a)(2)). Because Virgin Atlantic has not consented to receive service of process through Linda Banks or CT's Georgia office for purposes of a California lawsuit, Soliman's service on Banks was ineffective to establish personal jurisdiction over Virgin Atlantic.[3]

In his reply brief, Soliman appears to suggest that, because CT's Georgia office forwarded the summons and complaint via email to Virgin Atlantic, Virgin Atlantic's actual or constructive notice established personal jurisdiction. However, where, as here, there has been a complete failure to comply with the statutory requirements for service of process, even actual notice is insufficient to confer personal jurisdiction over the defendant. (See *Abers v. Rohrs* (2013) 217 Cal.App.4th 1199, 1206; *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 392.)

As a result of the defective service, the trial court lacked personal jurisdiction over Virgin Atlantic and the default judgment was void. (See *OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1330.)[4] Further, Soliman has identified no basis for concluding that the trial court

---

[3] Soliman does not argue that even if service was improper, he substantially complied with the statutory requirements for service of process. Further, Soliman did not put into the record any evidence supporting his assertion that a Virgin Atlantic representative advised him to serve the summons in Georgia, nor does he argue that the alleged advice constituted consent by Virgin Atlantic to service of process on CT or Linda Banks in Georgia. As a result, we have no occasion to consider these questions.

[4] In light of our conclusion, we need not consider Soliman's arguments that—had the trial court obtained personal jurisdiction over Virgin Atlantic through proper service—the court's exercise of personal jurisdiction over Virgin Atlantic would otherwise have been proper.

abused its discretion in vacating the void judgment.  (Cf. *Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1023 [questioning whether a trial court retains discretion to decline to vacate a judgment that has been determined to be void].)

## DISPOSITION

The trial court's order is affirmed.


BURNS, J.

WE CONCUR:


SIMONS, ACTING P.J.
CHOU, J.

*Soliman v. Virgin Atlantic Airways Limited (A170850)*